LESLIE L. BRIGGS *vs.* SHEPARD MANUFACTURING COMPANY, INCORPORATED, & another.

Middlesex.     December 9, 1913. — May 19, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Malicious Prosecution.*

Although under R. L. c. 217, § 1, the finding of a court or justice authorized to issue warrants in criminal cases, that there is reasonable and probable cause for the belief of a complainant that stolen articles are concealed in a particular house or place, is conclusive so far as respects the validity of a search warrant issued upon such finding, it is not conclusive against the accused person in an action for malicious prosecution brought by him against such complainant, and it is open to him to show that the complainant acted in bad faith.

In an action for malicious prosecution in procuring a search warrant under which the plaintiff's house was searched and he was arrested, it appeared that the articles described in the search warrant as stolen were "divers silversmith's tools, all of the value of $10," that in the search of the plaintiff's house under the warrant one silversmith's tool was found and that the officer also found certain other articles which were not named in the warrant, that on the same day the defendant made a complaint charging the plaintiff with the larceny of certain of these articles "all of the value of $10," but not including the silversmith's tool, although the defendant testified that when he signed the complaint he supposed that it was included. Later upon a hearing on the search warrant the silversmith's tool "was ordered to be returned to [the defendant] its owner." *Held*, that the evidence justified a finding that the search warrant proceedings were terminated in favor of the plaintiff, thereby furnishing a foundation for the action for malicious prosecution.

TORT against the Shepard Manufacturing Company, Incorporated, a corporation engaged in manufacturing jewelry and silverware at Melrose, and Walter L. Shepard, who was the treasurer, clerk and one of the three directors of the defendant corporation, by one who had been employed by the defendant corporation for a year and nine months as the foreman of its jewelry room. The declaration contained three counts, of which the first was in the nature of a count for malicious prosecution and is described in the opinion, the second was for wrongfully making, causing and participating in a malicious search of the plaintiff's house and an alleged unlawful arrest, and the third was also for an alleged unlawful search and arrest. Writ dated November 15, 1910.

In the Superior Court the case was tried before *Lawton,* J. The material evidence is described in the opinion. The silversmith's tool there referred to was one that had been invented by the plaintiff while he was in the employ of the defendant corporation, and he testified that he had carried home this tool to make a drawing of it.

At the close of the evidence the judge ruled that the plaintiff could not recover upon either the second or the third count of his declaration, and the plaintiff excepted. The judge refused to rule that the plaintiff could not recover upon the first count of his declaration, and the defendants excepted.

The jury returned a verdict for the plaintiff on the first count in the sum of $2,500; of which by requirement of the judge the plaintiff remitted the sum of $1,300, leaving the amount of the verdict $1,200. Both the plaintiff and the defendants alleged exceptions.

The exceptions were argued together, and it was stated in the plaintiff's brief that, if the defendants' exceptions should be overruled, the plaintiff asked leave to waive his exceptions.

*F. W. Campbell,* for the plaintiff.

*S. R. Jones,* for the defendants.

HAMMOND, J. The declaration contained three counts. At the trial the judge ruled that the plaintiff could not recover upon either the second or the third count and submitted the case to the jury upon the first count alone, which was in the nature of a count for malicious prosecution in procuring a search warrant under which the plaintiff's house was searched and he was ar-

rested. The case is before us upon the exceptions of the plaintiff to the rulings as to the second and third counts; and also upon exceptions of the defendants to the refusal of the judge to rule that the plaintiff could not recover upon the first count, to various rulings made during the trial, and to certain parts of the charge to the jury. The exceptions of the defendants will be first considered; and they will be taken up in the order presented upon their brief.

R. L. c. 217, § 1, provides that "A court or justice authorized to issue warrants in criminal cases may, upon complaint under oath that the complainant believes that any of the property or articles hereinafter named are concealed in a particular house or place, if satisfied that there is reasonable cause for such belief, issue a warrant to search for the following property or articles: First, Personal property which has been stolen, embezzled or obtained by false pretences."

The first contention of the defendants is that the magistrate's decision as to probable cause is conclusive upon the plaintiff. It is undoubtedly conclusive not only upon the plaintiff, but also upon everybody else so far as respects the validity of the warrant and all proposed proceedings thereunder up to the time of the completion of the service of it. And there is no doubt that if the defendants acted in good faith they are protected, but not if they acted in bad faith. The law upon this subject is stated by Dewey, J., in *Stone* v. *Dana,* 5 Met. 98, 110: "If the prosecution [by search warrant] be malicious and without probable cause, an action on the case will lie for the party aggrieved; but if it be honestly and properly instituted, the party accused, though innocent, may be remediless." See also *Everett* v. *Henderson,* 146 Mass. 89, and cases cited. There is nothing inconsistent with this in *Hope* v. *Evered,* 17 Q. B. D. 338, and *Lea* v. *Charrington,* 23 Q. B. D. 45, cited by the defendants. So far as respects the present case the question of probable cause was not conclusively determined by the decision of the magistrate.

The second contention is that the evidence did not warrant a finding of want of probable cause, and the third is that the proceedings under the search warrant were taken upon the judgment of a public officer and were not instigated by the defendants. Neither of these contentions is tenable. While the evidence is

voluminous and conflicting, still it was such that these questions were properly left to the jury as questions of fact and was such as justified findings adverse to the defendants.

The defendants next urge that there was no determination of the prosecution under the search warrant in favor of the plaintiff. At common law, upon the return of a search warrant for personal property alleged to have been stolen, the magistrate upon the return of the warrant was to proceed as follows: If it appeared that the goods brought before him were not stolen, they were to be restored to the person in whose possession they were found; if it appeared that they were stolen, they were not to be delivered to the owner but deposited in the hands of the officer who executed the warrant, to the end that the party from whom they were stolen might proceed to complain of the offender, and upon conviction of him might have restitution of them. 2 Hale, P. C. 114, 151, 152. Heard on Crim. Law in Mass. 122, 123. 2 Gabbett, Crim. Law, 158. Our statute perhaps somewhat modifies this. It provides in substance that if the officer serving a warrant for the search for stolen personal property finds any of the articles described in the warrant, "he shall seize and safely keep them under the direction of the court or trial justice, so long as is necessary for the purpose of being produced or used as evidence on any trial;" and that "as soon as may be afterward" all such articles "shall be restored to the owner thereof." R. L. c. 217, § 3. And this has been the law ever since the Revised Statutes. Rev. Sts. c. 142, § 5. Gen. Sts. c. 170, § 5. Pub. Sts. c. 212, § 5.

It is no part of the search warrant proceedings to try the person in whose possession the goods described in the complaint as stolen are found. A conviction of larceny cannot be legally founded upon a search warrant. If the goods are found in the place described, an additional complaint should be made, directly charging the suspected person with feloniously taking them. If it appears that the goods were not stolen, the party in whose possession they were found is to be discharged. Heard on Crim. Law in Mass. 123, and authorities there cited.

In the present case the articles described in the complaint as stolen were "divers silversmith's tools, all of the value of ten dollars." It appears by the officer's return upon the warrant that he had seized "one silversmith's tool of the within described prop-

erty" and had "said goods, together with the body of the person in whose possession said property was found [the plaintiff], before . . . [the] court for trial."

The plaintiff testified that upon his arrival at the police station and while under arrest the officer "went through his pockets, took a letter and wallet, some matches, three pieces of silver tubing and eight fob-straps, the plaintiff's pipe, tobacco and some money and two medallions." These articles of course were not the goods found in the place described in the complaint, and did not come into the hands of the officer by virtue of the warrant. Subsequently on the same day the defendant Shepard made a complaint charging the present plaintiff with the larceny of a portion of these articles, namely, "two knives, three pieces of silver tubing, eight leather fob-straps, two medallions, all of the value of ten dollars." But the silversmith's tool was not included, although Shepard testified that at the time he signed the complaint he supposed it was included among the articles described therein as stolen, and that he was not informed to the contrary until the trial in the Superior Court at Cambridge, which occurred some months later. The hearing on the search warrant was continued to June 16, 1910, and then to September 22, 1910, on which day the property (the silversmith's tool) "was ordered to be returned to the Shepard Manufacturing Company, its owner."

It thus appears that no complaint ever was made against the present plaintiff charging him with the larceny of the silversmith's tool, the only article seized on the search warrant; nor does it appear that the court ever adjudged that that article was stolen. The jury well may have found upon the evidence that it was kept under the direction of the court before whom the warrant was returnable, for the purpose of being produced as evidence on any trial, and that after the trial in the Superior Court upon the complaint of larceny of the other goods had ended by the acquittal of the present plaintiff, and after neither of the defendants had shown any disposition to make any complaint charging him with larceny of the tool, the delivery of it to the corporation as its owner was upon the simple ground that the ownership of the corporation never was contested by him, and not upon the ground that it was stolen. The prosecution had been abandoned, as the jury found, — a finding justified by the evidence, — and the

proceedings were ended so far as respected the guilt of the present plaintiff and there was no adjudication against him. We think that the evidence justified a finding that the search warrant proceedings were terminated in his favor. These proceedings were in the nature of a process incidental and preliminary to a prosecution for larceny, and seem to have been terminated without proceeding further. For a general discussion of the law on this subject see *Zinn* v. *Rice,* 154 Mass. 1, and cases cited; *Cardival* v. *Smith,* 109 Mass. 158.

It follows that the exceptions of the defendants must be overruled.

We understand that in this event the plaintiff waives his exceptions to the rulings that he could not recover either upon the second or third count.

*Defendants' exceptions overruled; plaintiff's exceptions waived.*