Riley, J.,
These two actions of tort for malicious prosecution were tried together. The trial judge found for the defendant in each case. Both actions arise from two actions of tort for conversion of a LaSalle Touring Sedan, instituted by the present defendant against the present plaintiffs respectively. Said actions for conversion were brought successively, first against J. Mark Kolligian, and then against Winter Hill Sales & Service, Inc.
*112 The jurisdictional question presented by the defendant’s motions to dismiss the reports, which were denied by the trial judge, will be considered first. Said motions ask that the court disallow the plaintiffs’ claim of report, in that it does not contain a clear and concise statement of the ruling upon which a rehearing is requested sufficiently full and accurate for identification.
It appears that within the period of five days permitted, the plaintiffs filed draft reports wherein there was set forth all the requests for rulings of law which the plaintiffs had duly filed at the trial and also, the action taken on said requests by the trial judge.
The draft reports having been filed within the period required for a request for a report, is deemed to' include a request for a report, by virtue of the provisions of Gen. Laws (Ter. Ed.) Chap. 231, §108, as amended by Acts of 1933, Chap. 255. All that is required of a request for report (or of a draft report serving as a request under the statute) is, that it identify the ruling, review of which is denied. As a reading of the draft reports in this action present no difficulty in identifying the rulings upon which a rehearing is requested, the defendant’s motions were properly denied.
The report contains evidence tending to show that on July 13, 1937 a concern named Grannone Motors Inc. gave the defendant a chattel mortgage covering three automobiles (one of which was the LaSalle Sedan here in question); that on July 15, 1937 the Winter Hill Sales & Service, Inc., purchased and paid Grannone Motors, Inc., the sum of $1,-034 for the identical LaSalle Sedan; that on July 16, 1937 at 8:30 o’clock A. M. the defendant recorded said mortgage in the proper city clerk’s office; that on July 22, 1937, an investigator for the defendant was told by an officer of Grannone Motors, Inc., that the LaSalle Sedan had been *113 sold to J. Mark Kolligian on July 21,1937; that on July 23, 1937 an investigation by the defendant showed that the LaSalle Sedan was not in the showroom of the Grannone Motors, Inc.; that late in July or early in August the defendant instituted criminal proceedings (which are stated in the plaintiff’s brief to have been on a charge of larceny) against two officers of Grannone Motors, Inc.; that the defendant through counsel brought an action of tort for conversion of the LaSalle Sedan against J. Mark Kolligian “doing business as Winter Hill Motor Sales”, in the district court of Somerville, by a trustee writ dated August 24, 1937; that sometime late in November, or early in December, 1937, (at least before December 10th) counsel for the defendant obtained from the Registry of Motor Vehicles a certified copy of the registration of the identical LaSalle Sedan, showing that on July 16, 1937, it was registered in the name of Dr. Vincent W. Senna of Somerville; that counsel for the defendant became convinced that his client had no case against Kolligian and moved to substitute Winter Hill Sales & Service, Inc., as defendant, which motion was denied by the court, and was followed by a discontinuance of the action on December 10, 1937, without trial; that thereafter, without further investigation, the defendant began an action of tort for conversion of the LaSalle Sedan against the Winter Hill Sales & Service, Inc. by trustee writ dated April 5, 1938, and caught funds in the hands of the trustee in the sum of $1383.13; that thereafter said counsel was shown a cancelled cheek of the Winter Hill Sales & Service, Inc., tending to indicate that on July 15, 1937, it had paid to Grannone Motors, Inc., the sum of $1,-034 for a LaSalle Sedan, and was also shown a receipted bill of sale from Grannone Motors, Inc., covering the same automobile, and that this action was discontinued on May 20, 1938, without trial. There was also evidence tending to *114 show that J. Mark Kolligian had never been in business for himself individually or purchased automobiles on his own account; that at the time both actions for conversion were brought by the defendant, Kolligian was president of the Winter Hill Sales & Service, Inc., in which he and his brother were incorporators, and which corporation was engaged in the automobile business, and that the LaSalle Sedan in question had been resold by it at retail; that prior to the institution of said actions of tort for conversion no demand by the defendant had been made on either Kolligian or Winter Hill Sales & Service, Inc. for the return of the said LaSalle Sedan.
At the appropriate time, counsel for the plaintiffs presented a single set of requests for rulings (ten in number) entitled in both actions and intending the same to apply to both. Bequests numbered 1, 2, 3, 4 and 9 having been granted (No. 4 having been modified only by adding the words “to pass title”) they are not now before us. Those which were denied, and with which we are here concerned, together with the action of the trial judge thereon, read as follows:
“5. The defendant had no cause of action against Mark Kolligian.
DENIED.
‘ ‘ 6. The defendant knew or should have known that it had no valid cause of action against either defendant.
DENIED.
“7. Attachment of the bank by trustee process in both transactions or suits, warrants a finding of abuse of process.
DENIED.
“8. In both suits, the defendant is held to the standard of a reasonable, prudent man, and the fact it employed legal counsel does not exempt it from a suit for malicious prosecution.
DENIED.
*115 “10. The time used before discontinuing its first suit against Mark Kolligian, the facts learned by interrogatories, by facts, and those which should have or could have been obtained from a careful preparation of the case, warrants a finding that in instituting its suit against Winter Hill Sales & Service, and by attaching its funds by trustee process, the defendant, Associates Discount Corporation, acted without probable cause and with malice.
DENIED. I find on the facts that probable cause existed for the institution of the suits and that counsel for the defendant acted upon the honest understanding based upon the dates disclosed as to the records of the mortgage and the information as to the date of sale that it had a cause of action against the Winter Hill Sales & Service”.
In order to sustain an action for malicious prosecution the burden is on the plaintiff to prove the following: (1) that the defendant has instituted an action against it; (2) that such action has terminated in the plaintiffs’ favor; (3) that the action was instituted without reasonable and probable cause; and (4) that the action was instituted maliciously. Stone v. Crocker, 24 Pickering 81; Cardival v. Smith, 109 Mass. 158.
It is apparent from an examination of the report of the trial judge that an action had been instituted against each of the plaintiffs, and had terminated in their favor, respectively. The evidence and facts appearing in said report bearing on the third necessary element (probable cause) together with the requested rulings of the plaintiffs, set forth above, which were denied by the trial judge, present the only question of law, namely — whether or not the trial judge could properly have ruled the existence of probable cause.
The question of probable cause is a mixed question, partly of law and partly of fact. The existence of those *116 facts which it is contended constitute probable cause is first to be determined by the trial judge as fact. The evidence recited in the report and which is neither disputed nor conflicting, constitute such facts. Having determined such facts, the trial judge’s conclusion as to whether or not such facts constitute probable cause, is a question of law. Stone v. Crocker, 24 Pickering 81.
A reading of the evidence reported discloses that the defendant proceeded in the whole matter in a careless or reckless manner. Its first information was that Kolligian was doing business as “Winter Hill Motor Sales”. The slightest investigation would have shown that that was not so, and that Kolligian was in fact president of a corporation named Winter Hill Sales & Service, Inc. Investigation by no more than a telephone call to the City Hall would have shown that Kolligian had filed no business certificate under the name “Winter Hill Motor Sales”. An inquiry of the Winter Hill Sales & Service, Inc., might very well have resulted in a disclosure of the purchase of the LaSalle Sedan from G-rannone Motors, Inc., on July 15th, before the mortgage was recorded. However, just who was to blame for the careless or reckless conduct, as between the defendant and its representatives, is not to be determined in this action. 'That the chattel mortgage executed on July 13, 1937, was not valid as against third persons until recorded, which was on July 16, 1937 at 8:30 o’clock A. M., needs little discussion. Gen. Laws (Ter. Ed.) Chap 255, §1, Hartford Acc. & Indemnity Co. v. Callahan, 271 Mass. 556: Simons v. Northeastern Finance Corp., 271 Mass. 285.
. It is very apparent that the trial judge treated the whole question of probable cause as being wholly one of fact. His denial of the requests hereinbefore set forth, was consistent with that erroneous view. Those requests should have been read in the light of the evidence and facts appearing in the report, and when so read really present the question of *117 whether or not the evidence and facts found permit of a ruling of law that probable cause existed.
In denying these requests prejudicial error occurred.
We fail to find in the record any evidence tending to show that the defendant had probable cause for instituting either action of tort for conversion.
New Trial Ordered.