## ANTOINE COUPAL *vs.* JOSIAH P. WARD.

One who has procured the arrest and imprisonment of another on a lawful warrant is not liable to an action for assault and false imprisonment, although he obtained the warrant by misrepresentations.

An action for the malicious prosecution of a criminal complaint against the plaintiff cannot be maintained, if there is no evidence of want of probable cause on the part of the defendant, and the plaintiff was discharged on a *nolle prosequi*, although the *nolle prosequi* was entered by one having no authority to do so.

TORT. In the first count of the declaration the plaintiff alleged that "the defendant made an assault upon him, and forcibly took him from his house, and put him in prison, and kept him imprisoned for the space of three days." In the second count he alleged that "the defendant falsely and maliciously accused him of the crime of obtaining goods from the defendant by means of false pretences, and upon and by reason of said accusations and a complaint sworn out by him, the defendant had him arrested and imprisoned and so kept imprisoned for the space of three days."

At the trial in the superior court, before *Brigham*, C. J., the plaintiff offered to show, that the defendant, having failed in a civil action brought by him against the plaintiff to recover a debt, and being angry thereat, went to the justice of the police court of Lowell, and so misrepresented the manner in which the plaintiff became indebted to him that the justice gave him a written paper to take to the clerk of the court, by which the clerk was authorized to hear and receive a complaint and issue a warrant against the plaintiff; that the clerk dissuaded the defendant, but he replied that he did not care whether he had any cause for a complaint or not; that what he wanted was his pay; that the defendant did by these means get a complaint filled out, to which he swore, and which alleged that the plaintiff obtained goods of him by false pretences; that on a warrant issued upon this complaint the plaintiff was arrested and taken to the station-house; but that on his being brought before the police court a *nolle prosequi* was entered upon the warrant, on a suggestion of the counsel who had been employed by the defendant in his civil

action that he had examined the case and come to the conclusion that no offence had been committed.

The judge ruled that on these facts, if proved, the action could not be maintained, and by the consent of the parties reported the question before verdict, for the determination of this court; if the ruling should be sustained judgment to be entered for the defendant, otherwise the case to stand for trial.

*T. Wentworth & C. A. F. Swan*, for the plaintiff.

*G. Stevens & D. S. Richardson*, for the defendant.

CHAPMAN, C. J.   The first count is for assault and battery and false imprisonment.   But the plaintiff's statement of his case is, that on a complaint of the defendant against him the police court issued a warrant against him, and by virtue of this warrant an officer arrested him, brought him before the magistrate, and kept him in custody till the magistrate discharged him.   Such an arrest and imprisonment does not constitute an assault and battery, for the acts were done by virtue of legal authority.

The second count alleges that the defendant falsely and maliciously accused the plaintiff of obtaining goods from him by false pretences, and made a complaint therefor, and had the plaintiff arrested and imprisoned for three days.

Omitting all consideration of the lack of such allegations in this count as would be necessary to constitute a charge of malicious prosecution, we think the judge correctly ruled that the facts stated by the plaintiff, if proved, would not support the action.   The statement, though it may show malice, fails to show a want of probable cause; and the prosecution was terminated by a *nolle prosequi*.   If the *nolle prosequi* had been entered regularly, by the proper officer, it is settled that this action could not have been maintained. *Parker* v. *Farley*, 10 Cush. 279. *Brown* v. *Lakeman*, 12 Cush. 482.   The entry was made irregularly for neither the magistrate, nor the person who advised him, appear to have had any authority to make it.   Gen. Sts. *c.* 172, § 20.   But this does not strengthen the plaintiff's case; for he has been discharged without a trial, and nothing appears to show that he was arrested without probable cause.   See *Dennehey* v. *Woodsum*, 100 Mass. 105.         *Judgment for the defendant.*