## PETER CARDIVAL *vs.* JOSEPH W. SMITH.

The failure of a plaintiff to enter in court the writ in a civil action, on which he has maliciously and without probable cause procured the arrest of the defendant, is such a final determination of the action as to enable the defendant thereupon to sue him for a malicious prosecution.

TORT. Writ dated November 26, 1869. The declaration alleged that the defendant maliciously and without probable cause procured the arrest of the plaintiff and his holding to bail on a writ returnable to the superior court at September term 1869 ; that the plaintiff " duly appeared at said court to which said writ was returnable ; but that the defendant did not appear, well knowing that he had no probable cause to maintain the action against the plaintiff, nor was said writ ever returned into the office of the clerk of said court." The defendant demurred, on the ground that it appeared " that the suit alleged to be malicious was not determined in favor of the defendant therein by a judgment of court." The superior court sustained the demurrer, and the plaintiff appealed.

*G. Stevens*, for the defendant.

*C. Cowley*, for the plaintiff.

GRAY, J. The general rules of law governing actions for malicious arrest and prosecution have long been well settled. In the words of Lord Camden, " this is an action for bringing a suit at law ; and courts will be cautious how they discourage men from suing ; when a party has been maliciously sued and held to bail, malice, and that it was without any probable cause, must be' alleged and proved." *Goslin* v. *Wilcock*, 2 Wils. 302, 307. " The new action must not be brought before the first be determined ; because till then it cannot appear that the first was unjust." Bul. N. P. 12.

When the prosecution alleged to have been malicious is by complaint in behalf of the government for a crime, and in pursuance thereof an indictment has been found and presented to a court having jurisdiction to try it, an acquittal by a jury must be shown ; and a *nolle prosequi* entered by the attorney for the

government is not sufficient; for the finding of the grand jury is some evidence of probable cause, and another indictment may still be found on the same complaint. Bul. N. P. 14. *Bacon v. Towne,* 4 Cush. 217. *Parker* v. *Farley,* 10 Cush. 279. *Bacon* v. *Waters,* 2 Allen, 400. But if it is commenced by complaint to a magistrate who has jurisdiction only to bind over or discharge, his record, stating that the complainant withdrew his prosecution and it was thereupon ordered that the accused be discharged, is equivalent to an acquittal. *Sayles* v. *Briggs,* 4 Met. 421, 426. If the accused, after being arrested, is discharged by the grand jury's finding no indictment, that shows a legal end to the prosecution. *Jones* v. *Givin,* Gilb. 185, 220. Buller, J., in *Morgan* v. *Hughes,* 2 T. R. 225, 232. *Freeman* v. *Arkell,* 2 B. & C. 494 ; *S. C.* 3 D. & R. 669. *Michell* v. *Williams,* 11 M. & W. 205. *Bacon* v. *Waters,* 2 Allen, 400. And if the prosecutor, after procuring the arrest, fails to enter any complaint, this with the attending circumstances is sufficient to be submitted to the jury as evidence of want of probable cause. *Venafra* v. *Johnson,* 10 Bing. 301 ; *S. C.* 3 Moore & Scott, 847, and 6 C. & P. 50. *McDonald* v. *Rooke,* 2 Bing. N. C. 217 ; *S. C.* 2 Scott, 359.

When the suit complained of is a civil action, wholly under the control of the plaintiff therein, it would seem that a discharge thereof by him, without any judgment or verdict, is a sufficient termination of the suit ; and that, for instance, if one maliciously causes another to be arrested and held to bail for a sum not due, or for more than is due, knowing that there is no probable cause, and, after entering his action, becomes nonsuit, or settles the case upon receiving part of the sum demanded, an action for a malicious prosecution may be maintained against him. *Nicholson* v. *Coghill,* 4 B. & C. 21 ; *S. C.* 6 D. & R. 12. *Watkins* v. *Lee,* 5 M. & W. 270. *Ross* v. *Norman,* 5 Exch. 359. *Bicknell* v. *Dorion,* 16 Pick. 478, 487. *Savage* v. *Brewer,* Ib. 453. In *Arundell* v. *White,* 14 East, 216, it was held that an entry in the minute book of the sheriff's court in London, opposite the entry of a suit in that court, that it was withdrawn by the plaintiff's order, was sufficient evidence of a termination of that suit to sustain an ac-

tion for malicious prosecution. In *Pierce* v. *Street*, 3 B. & Ad. 397, the declaration, after setting out the suing out of a writ in an ordinary action at law against the plaintiff, and an arrest and holding to bail thereon, and alleging that it was done maliciously and without probable cause, averred that no proceedings were thereupon had in that action, and that the plaintiff therein did not declare against the defendant nor prosecute his suit against him with effect, but voluntarily permitted the action to be discontinued for want of prosecution thereof, whereupon and whereby, and according to the practice of the court, the suit became determined. At the trial of the action for malicious arrest, it appeared that no declaration was delivered or filed in the former action, and that this action was not commenced until a year after the return day of that. It was objected that, there being no judgment of court, there was no evidence of the determination of the suit, to satisfy the averment in the declaration. But Lord Lyndhurst, C. B., thought there was, and overruled the objection; and his ruling was confirmed by the court of queen's bench ; Lord Tenterden, C. J., saying, " The length of time which had elapsed shows that the suit was abandoned altogether ; " and Parke, J., · " When the cause is out of court, it must be considered as determined." Our own statutes expressly provide that, if no declaration is inserted in the writ, or filed before or at the return term, it shall be a discontinuance of the action. Gen. Sts. *c.* 129, § 9.

But the present case does not require us to consider what disposition must be shown of a civil action which has once been entered in court, in order to constitute a final determination thereof. A plaintiff cannot be compelled to enter his action, and, until he does, may judge for himself whether he will proceed with it or not. If he does not enter it, it never comes before the court, nor becomes the subject of any judgment, nor appears on its records, unless the defendant, upon filing a complaint at the return term, obtains judgment for his costs. If the defendant does not make such a complaint, the action is not the less finally abandoned and determined by the neglect of the plaintiff to proceed with it. *Clark* v. *Montague*, 1 Gray, 446, 448. *Lombard* v, *Oliver*, 5 Gray, 8. *Jewett* v. *Locke*, 6 Gray, 233. The only

cause assigned for the demurrer being that the declaration shows no determination of the former suit in favor of the defendant therein by a judgment of court, it must be    *Overruled.*