## WASHINGTON GRAVES *vs.* LUCIEN A. DAWSON.

Hampshire.   Sept. 21, 1880. — Jan. 10, 1881.   COLT & MORTON, JJ., absent.

Whether a *nolle prosequi* is or is not such a termination of a criminal proceeding as is necessary to sustain an action for a malicious prosecution, depends upon the other facts of the case.

The discharge, upon the failure to find an indictment, of an accused person, bound over on a complaint to await the action of the grand jury, is such a termination of the proceedings against him as is necessary to sustain an action for a malicious prosecution, without regard to the fact that a *nolle prosequi* is subsequently entered.

TORT for malicious prosecution. Writ dated April 20, 1878. The declaration alleged that the defendant, maliciously and without probable cause therefor, caused a complaint to be sworn out before a trial justice of the county of Hampshire, wherein the plaintiff was charged with the crime of larceny of sundry

articles alleged to be the property of the defendant, and of the value of $175; that thereupon the justice issued his warrant for the arrest of the plaintiff, which was duly served, and the plaintiff was brought into court; that the defendant, wrongfully and without probable cause, procured the justice to adjudge that there was probable cause to believe him, the plaintiff, guilty of the offence charged, and to order him to recognize, with surety in $500, for his appearance at the Superior Court to be held at Northampton on the third Monday of December 1872; that the plaintiff being unable to furnish sureties for said recognizance, was committed by said justice to jail to await the action of the grand jury, and the said justice duly returned to said Superior Court authenticated copies of said complaint and warrant, and the doings thereon, and the same were entered on the docket of said court; that the plaintiff was detained in jail, by reason of said commitment, until December 26, 1872, when it was ordered by the justice of said Superior Court sitting at Northampton that the plaintiff be discharged; that the entry of the case on the docket of the Superior Court was continued thereon until December 24, 1873, when the district attorney entered a *nolle prosequi* thereon; that the grand jury for said county found no bill against the plaintiff; and that the prosecution was wholly determined before the commencement of this action.

The defendant demurred to the declaration, assigning the following reasons therefor: " 1. Because it is nowhere alleged in said declaration that the matter of complaint and charge made by the defendant against the plaintiff was made or exhibited before the grand jury for the county of Hampshire, or that the said grand jury ever considered of the matter of said complaint, or of said charge against the plaintiff. 2. Because it is nowhere averred in said declaration that the plaintiff had a trial, or was otherwise put in peril before the justice or in the Superior Court. 3. Because neither the plaintiff's discharge by the justice of the Superior Court on December 26, 1872, nor the entry of a *nolle prosequi* by the district attorney on December 24, 1873, fully, effectually, and finally terminated the prosecution against the plaintiff so as to entitle him to maintain this action." The Superior Court sustained the demurrer, and entered judgment for the defendant; and the plaintiff appealed to this court.

*J. B. Bottum*, for the plaintiff.

*C. Delano*, for the defendant.

LORD, J. We think it was error in the Superior Court to sustain the demurrer in this case. The principal ground upon which it is contended that the demurrer should be sustained is that it appears by the declaration that the prosecution claimed to have been malicious was terminated by a *nolle prosequi*, and that a *nolle prosequi* is not such a legal termination of a suit as the plaintiff is required to show in order to maintain his action of malicious prosecution. *Parker* v. *Farley*, 10 Cush. 279, is relied upon in support of this proposition.

That case has been so many times referred to as supporting such doctrine in its broadest form, and thus apparently conflicting with other decisions in other tribunals and within our own jurisdiction, that it is proper to examine the report of that case, and see how far it accords with or differs from established principles. Upon an examination of that case, it appears that nothing was decided by it except that, as matter of law, the termination of a prosecution by the entry of a *nolle prosequi* was not neces sarily such a termination of the suit as entitled a defendant to maintain an action for malicious prosecution. That question may be one of pure law, or purely of fact, or it may be a mixed question of law and fact. *Parker* v. *Farley* was not heard upon demurrer, nor upon exceptions. The parties, foreseeing that certain questions of law which might be decisive of the case would inevitably arise during the trial, as matter of convenience and economy, agreed to present those questions of law for the decision of the court prior to the trial of the facts before a jury, and to accomplish this, and render an investigation of the facts unnecessary, the Chief Justice of this court made a formal ruling, by consent of counsel, that the action could not be maintained, and reported the case for the decision of the full court. In order to present such questions of law, it became necessary to state all the facts in relation to the prosecution of the plaintiff, that the court might see whether there were facts necessarily conclusive in law against the right of the plaintiff to recover.

The facts thus presented were substantially these: Farley, one of the defendants, made complaint against Parker, the plaintiff, of having committed the crime of perjury. Upon this

complaint an indictment was found against Parker, and upon that indictment Parker was tried and convicted of perjury before the Court of Common Pleas. During such trial, exceptions were taken by him. Those exceptions were argued before this court and overruled, so that nothing remained in that suit, so far as the record showed, except an entry of judgment. Parker thereupon by written motion and affidavit asked for a new trial of the case because of newly discovered evidence, and this motion was allowed and a new trial was granted. Subsequently Parker applied to this court to compel the district attorney to enter a *nolle prosequi* in the suit, because of an agreement to that effect, and some time afterward the district attorney did enter a *nolle prosequi,* and no further proceedings were had in the case, and the prosecution was thereby terminated.

The mere presentation of these facts shows that the naked question whether, as matter of law, the entry of a *nolle prosequi* is or is not such a termination of a suit as authorizes the prosecuted party to maintain an action for malicious prosecution, was not raised. It is undoubtedly true that the Chief Justice was inclined to the opinion that such was the tendency of the common-law decisions; yet it is obvious that it was not necessary for him to consider that question, and it is entirely clear that he did not consider it; for he says expressly, that if, under some circumstances, the rule be that a *nolle prosequi* is to be taken to be the final termination of the suit, " we should be of opinion that it would not apply, when a *nolle prosequi* and discontinuance is entered by consent, or by way of compromise, or where such exemption from further prosecution has been demanded as a right, or sought for as a favor, by the party prosecuted. In the present case, it appears by the record, that the plaintiff endeavored to obtain such exemption from trial by requiring the district attorney to enter a *nolle prosequi.*"

But the other point decided in *Parker* v. *Farley* was absolutely decisive of the case. A jury properly empanelled, under correct instructions in law, had found the plaintiff guilty of the crime of perjury. Upon his application the court had granted him a new trial. He never had a new trial, he did not desire a new trial, he asked to have a *nolle prosequi* entered, he applied to this court to compel the district attorney to enter it, and it was

subsequently entered ; and upon that state of facts the court held that the record showed conclusively probable cause for the prosecution, and consequently that no action could be maintained by the plaintiff. We think, therefore, as matter of law, it cannot be said that the entry of a *nolle prosequi* is conclusive upon the rights of a party.

The authorities upon this subject are carefully collated and arranged by the present Chief Justice of this court in *Cardival* v. *Smith*, 109 Mass. 158, and the result of all those authorities is, that whether a prosecution has been so terminated as to authorize the party prosecuted to commence an action for malicious prosecution is to be determined by the facts of the particular case, of which facts the entry of a *nolle prosequi* may be one of several, may be the only fact, may be a controlling fact, or may be an entirely unimportant one.

We have discussed this question thus far as if the proceedings in this case had been terminated by a *nolle prosequi*. But that entry may have been a wholly unimportant and immaterial one, or indeed an incompetent fact. The plaintiff avers that he was held for appearance before the Superior Court at the term holden on the third Monday of December 1872, and that authenticated copies of the complaint and warrant and proceedings thereon were entered upon the docket of that court ; and, though he does not state the facts chronologically in his declaration, yet he does state the fact that at such term of the court the grand jury found no bill against him, and that on the 26th day of December he was discharged from custody under such complaint by order of the Superior Court ; and it has been repeatedly held that the discharge of a party because the grand jury found no bill against him is a legal end to the prosecution. See cases cited in *Cardival* v. *Smith, ubi supra.* The plaintiff avers in his declaration that this complaint was entered upon the docket of the Superior Court at December term 1872, and avers further that the district attorney at the corresponding term of the court a year afterward entered a *nolle prosequi*. This fact may or may not be important. If, in point of fact, it shall appear that the grand jury found no bill, and by reason thereof the court ordered the discharge of the party at the same term of the court, it is difficult to understand what legitimate results would follow

from the subsequent entry of a *nolle prosequi*, or how the rights of a party discharged a year before that entry could be affected.

It is sufficient if the plaintiff in his declaration states facts upon which, if proved, he would be entitled to a verdict. We think he has stated such facts in his declaration. Whether when he offers his proofs it shall be found that they are insufficient in law or in fact to support his allegations, is a matter into which we cannot inquire upon this demurrer.

*Demurrer overruled.*