<hr />

## WASHINGTON GRAVES *vs.* LUCIEN A. DAWSON.

Hampshire.    Sept. 20. — Oct. 20, 1882.    ENDICOTT, LORD & FIELD, JJ., absent.

The discharge, without any action by the grand jury, of an accused person, who has been bound over upon a complaint to await such action, and the entry of a *nolle prosequi*, are such a termination of the proceedings against him as will sustain an action for a malicious prosecution.

In an action for a malicious prosecution, the plaintiff may recover damages for his imprisonment upon a warrant, although the action is brought after the time when by the statute of limitations an action for false imprisonment would be barred.

TORT for malicious prosecution. At the trial in the Superior Court, before *Bacon*, J., the jury returned a verdict for the plaintiff, in the sum of $750; and the judge reported the case for the determination of this court. The facts appear in the opinion.

*C. Delano*, for the defendant.

*J. B. Bottum*, for the plaintiff.

W. ALLEN, J. The facts show that, after the plaintiff had been bound over by the magistrate and before any action by the grand jury, he was, without his consent and against his remonstrance, discharged by the court on the motion of the district attorney; and that subsequently a *nolle prosequi* was entered by the district attorney. This was an abandonment of the prosecution and a termination of it in the plaintiff's favor. It has been decided in this Commonwealth that a *nolle prosequi* of an indictment is not necessarily such a termination of the prosecution as will maintain an action. *Bacon* v. *Towne*, 4 Cush. 217. *Parker* v. *Farley*, 10 Cush. 279. *Brown* v. *Lakeman*, 12 Cush. 482. It is not stated in either case that the party was discharged by the court, and in the leading case it appears that the *nolle prosequi* was by the agreement and consent of the defendant. Whether such an entry by the district attorney after indictment found, with the discharge of the defendant by the court without his consent, would be such a termination of the prosecution as to permit him to show want of probable cause in the prosecution, it is not necessary to consider. See cases cited above, and *Cardival* v. *Smith*, 109 Mass. 158, and cases cited; *Knott* v. *Sargent*, 125 Mass. 95; *Graves* v. *Dawson*, 130 Mass. 78.

In the case at bar, there was an abandonment and termination of the prosecution by the complainant and the district attorney, and a discharge of the plaintiff by the court, before indictment found, and the case was never before the grand jury. Had the plaintiff been discharged by the magistrate, or had the grand jury found "no bill," no question could have been made. The prosecution in this case was as effectually determined as it would have been in either of the cases supposed, and terminated in favor of the plaintiff, though not so as to bar another prosecution. The plaintiff is not in fault that the prosecution cannot be terminated by a judgment upon a verdict; and to hold that he is

thereby debarred from proving his express allegation that the prosecution was without probable cause, would be to give to the finding of the magistrate on the preliminary examination the conclusive effect of a verdict of guilty by a jury. See *Coupal* v. *Ward*, 106 Mass. 289; *Basébé* v. *Matthews*, L. R. 2 C. P. 684; *Brook* v. *Carpenter*, 3 Bing. 303; *Watkins* v. *Lee*, 5 M. & W. 270; *Fay* v. *O'Neill*, 36 N. Y. 11; *Clark* v. *Cleveland*, 6 Hill, 344; *Brown* v. *Randall*, 36 Conn. 56; *Driggs* v. *Burton*, 44 Vt. 124, 143.

The defendant contended that, so far as the plaintiff's claim was for his imprisonment after his arrest, it was barred by the Gen. Sts. *c.* 155, § 2, because not brought within two years. But this is not an action for false imprisonment, and the rule of damages is not affected by the statute of limitations relating to that action.                     *Judgment on the verdict.*