JOHN T. LANGFORD *vs.* BOSTON AND ALBANY RAILROAD
COMPANY.

Middlesex. March 3. — May 9, 1887. FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

After a criminal complaint has been entered in the Superior Court, upon appeal,
the entry of a *nolle prosequi* by the prosecuting officer, by the procurement of
the defendant's attorney, his discharge not being ordered by the court, is not
such a termination of the prosecution as will enable him to maintain an action
against the complainant for malicious prosecution.

If a person does nothing more than to make a complaint to a magistrate against
another for an offence, and the latter is arrested under a warrant duly issued by
the magistrate, who has jurisdiction of the subject matter and of the party,
the complainant is not liable to an action by the arrested person for assault and
false imprisonment, although the complaint is defective.

MORTON, C. J. The first count of the plaintiff's declaration
is, in substance, a count for malicious prosecution; and it can-
not be maintained, because the evidence fails to show such a
termination of the prosecution alleged to be malicious as will
entitle the plaintiff to maintain this action. The entry of *nolle
prosequi* by the district attorney of his own motion, followed by
a discharge of the accused party by the court, may be such a
termination of the prosecution as will enable the party to main-
tain an action for malicious prosecution. *Graves* v. *Dawson*,
133 Mass. 419. But our cases uniformly hold that, where a
*nolle prosequi* is entered by the procurement of the party prose-
cuted, or by his consent, or by way of compromise, such party
cannot have an action for malicious prosecution. *Parker* v. *Far-
ley*, 10 Cush. 279. *Coupal* v. *Ward*, 106 Mass. 289. *Graves* v.
*Dawson*, 130 Mass. 78.

In the case at bar, after the complaint against the plaintiff was
entered in the Superior Court, upon his appeal, a *nolle prosequi*
was entered by the district attorney by the procurement of the
attorney of the plaintiff. No discharge was ordered by the court.
The Superior Court rightly ruled that the plaintiff could not
maintain his count for malicious prosecution.

The second count is for assault and false imprisonment. One
of the agents of the defendant made a complaint to a trial jus-
tice against the plaintiff for unlawfully refusing to pay his fare,

and the magistrate thereupon issued his warrant in due form for the arrest of the plaintiff. Neither the defendant nor any of its agents did anything except to enter the complaint. It is well settled that, when a person does no more than this, he is not liable in trespass for the acts done by the officer in serving the warrant, even though the magistrate has no jurisdiction to issue the warrant. *Barker* v. *Stetson*, 7 Gray, 53.

In the case before us, the magistrate had jurisdiction of the subject matter and of the party; although the complaint was defective, the warrant was good on its face; and an arrest under it was an act done by virtue of legal authority, and does not constitute an assault. *Coupal* v. *Ward*, *ubi supra*.

*Exceptions overruled.*

*J. C. Lane*, for the plaintiff.
*Samuel Hoar*, for the defendant.