### LESTER R. FOGG *vs.* THE FIRST NATIONAL BANK OF BOSTON.

Suffolk. January 8, 1929. — June 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Malicious Prosecution,* Probable cause. *Practice, Criminal,* Nolle prosequi, "John Doe" proceedings. *Pleading, Criminal,* Indictment, Recording defendant's true name under G. L. c. 277, § 19.

A declaration in an action of tort contained allegations in substance that an indictment was returned charging John Doe, whose true name was unknown to the grand jurors, with highway robbery; that an agent of the defendant acting within the scope of his authority falsely, maliciously, and without probable cause pointed the plaintiff out to the police as the guilty person and did insist upon and procure his arrest without warrant and his lodgment in jail, and did "cause the name of the plaintiff to be inserted in the John Doe indictment"; that the plaintiff was placed under arrest and later, without his consent and against his protest, the district attorney entered a *nolle prosequi* "for lack of sufficient evidence with which to convict," and the defendant was discharged. *Held,* that the declaration set forth no cause of action, there being no allegation that the plaintiff was acquitted of the crime charged; the circumstance that the plaintiff's name was not in the indictment as found but was inserted under G. L. c. 277, § 19, was immaterial.

TORT, with a declaration as amended described in the opinion. Writ dated June 21, 1926.

The defendant demurred to the amended declaration. The demurrer was heard by *Cox,* J., and was sustained; and the judge reported the case to this court for determination of the correctness of that ruling.

The case was submitted to the court on briefs in January, 1929, and afterwards was submitted on briefs to all the Justices.

*E. T. Doherty,* for the plaintiff.

*F. W. Eaton & A. L. Sherin,* for the defendant.

RUGG, C.J. This case comes before us on report by the trial judge of the correctness of his order sustaining the de-

fendant's demurrer to the first count of plaintiff's second substitute declaration.    In substance the allegations of that count are that the defendant lost a large sum of money by a highway robbery committed by armed persons; that thereafter the grand jury returned an indictment charging John Doe, whose true name was unknown to the jurors, with having committed that offence; that thereafter the defendant through authorized agents joined with the police in an effort to secure the arrest of some one for that offence; that an agent of the defendant acting within the scope of his authority falsely, maliciously, and without probable cause pointed out to the police the plaintiff as the guilty person and did insist upon and procure his arrest without warrant and his lodgment in jail, and did "cause the name of the plaintiff to be inserted in the John Doe indictment," and did cause the plaintiff to be ordered to recognize with sureties which the plaintiff was unable to produce, whereby he remained in jail for six weeks; and that later but before the commencement of the action the district attorney without the consent of the plaintiff and against his protest entered a *nolle prosequi* "for lack of sufficient evidence with which to convict"; whereupon the plaintiff was discharged from custody.    The ground of demurrer is that it does not appear that the plaintiff was before the commencement of this action fully acquitted of the crime of robbery while armed, alleged to have been charged by the defendant through its agents.

It was said by Chief Justice Shaw in *Bacon* v. *Towne,* 4 Cush. 217, 235: "It must appear, before this action [malicious prosecution] will lie, that the defendant in the indictment has been fully acquitted; but a *nolle prosequi* is no discharge of the crime, and no bar to a new indictment."    Again the same eminent Chief Justice said in *Parker* v. *Farley,* 10 Cush. 279, 280: "according to a well settled series of authorities, a plaintiff cannot maintain an action for a malicious criminal prosecution by indictment, by showing that the prosecution has been determined by a *nolle prosequi.*"    Again in *Brown* v. *Lakeman,* 12 Cush. 482, substantially the same language was used by Chief Justice Shaw.    That case was precisely the same in its essentials as the case at bar; a

demurrer to a declaration alleging malicious prosecution by indictment and termination of the prosecution by a *nolle prosequi* was sustained because it was held that the plaintiff must show acquittal of the charge and that a *nolle prosequi* was not sufficient. In *Cardival* v. *Smith,* 109 Mass. 158, occur these words by Gray, J.: "When the prosecution alleged to have been malicious is by complaint in behalf of the government for a crime, and in pursuance thereof an indictment has been found and presented to a court having jurisdiction to try it, an acquittal by a jury must be shown; and a *nolle prosequi* entered by the attorney for the government is not sufficient; for the finding of the grand jury is some evidence of probable cause, and another indictment may still be found on the same complaint." *Coupal* v. *Ward,* 106 Mass. 289, 290. See *Parker* v. *Huntington,* 2 Gray, 124, 128. There is nothing in *Graves* v. *Dawson,* 130 Mass. 78; *S. C.* 133 Mass. 419, where the plaintiff was bound over to the grand jury and no indictment was ever found, to militate against these express decisions in their authoritative application to the case at bar.

It may be added, also, that there are no allegations adequate to show that the prosecution was obtained solely through the false testimony of the agents of the defendant or to impeach it on the ground of fraud, conspiracy or subornation. *Wingersky* v. *E. E. Gray Co.* 254 Mass. 198. *Dunn* v. *E. E. Gray Co.* 254 Mass. 202. *Carere* v. *F. W. Woolworth Co.* 259 Mass. 238.

The circumstance that the plaintiff's name was not in the indictment as returned by the grand jury, but was at a later stage "entered on the record," G. L. c. 277, § 19, makes no difference with the governing principles of law. It has been held that said § 19 violates no constitutional rights of a defendant. "Motion to enter upon the record the true name of the person indicted, to be used in subsequent proceedings, must be allowed by the court . . . . Such allowance presupposes the finding by the court of all the facts essential thereto to the end that no injustice be done to any defendant." *Commonwealth* v. *Gedzium,* 259 Mass. 453, 461. In every essential particular the case at bar with respect to the

issues here involved stands on the same footing as if the true name of the defendant had been inserted in the indictment when returned by the grand jury.

It follows that the order sustaining the demurrer was right. In accordance with the terms of the report the entry may be

> *Judgment for defendant on count 1 of the plaintiff's declaration; the case to stand for trial on counts 2 and 3.*