PETER WYNNE vs. HAROLD ROSEN & another.[1]

Middlesex. February 8, 1984. — May 10, 1984.

Present: WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Malicious Prosecution.*

For purposes of maintaining a civil action for malicious prosecution, a criminal prosecution is deemed to have terminated in favor of the plaintiff when the prosecutor formally abandons the proceeding either by entering a nolle prosequi or by moving for a dismissal, provided that the circumstances of the abandonment compel an inference that reasonable grounds to pursue the prosecution were lacking. [798-803]

CIVIL ACTION commenced in the Superior Court Department on March 24, 1983.

The case was heard by *Zobel, J.,* on motions to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

*Paul W. Shaw* for the plaintiff.

*Elliott J. Mahler* for the defendants.

NOLAN, J. The plaintiff, Peter Wynne, appeals from a judgment dismissing his action for malicious prosecution against the defendants, Harold Rosen and his attorney, Mr. Stephen Weitz. This case is before us on direct appellate review. We reverse the judgment.

Wynne's complaint alleges the following facts. Wynne and Rosen were officers and equal owners of shares in an automobile dealership, Marlborough Auto House, Inc. In May, 1982, they decided to sell the business. A prospective buyer was found and negotiations began. In August, 1982, Wynne refused to sign a "buy sell" agreement which included amended terms dictated by the prospective purchaser. Rosen then retained Mr. Weitz to assist him in negotiating the agreement.

---

[1] Mr. Stephen Weitz.

On September 10, 1982, on Mr. Weitz's advice, Rosen complained against Wynne in the Marlborough Division of the District Court Department for the alleged crime of larceny of $4,000. Wynne alleges that Rosen instituted this criminal action falsely and maliciously, without probable cause and solely for the purpose of forcing Wynne to sign the "buy sell" agreement. He further alleges that Mr. Weitz counseled and advised Rosen to take such action. As a result of Rosen's complaint, a District Court clerk issued criminal process for larceny against Wynne. On February 25, 1983, on motion by the Commonwealth, a District Court judge dismissed the criminal complaint. The assistant district attorney who filed the motion set forth the following reason for dismissal: "The allegations involved in this complaint are essentially civil in nature — one of many disputes between two former partners or associates in a now bankrupt business."

Rosen and Mr. Weitz moved to dismiss Wynne's civil complaint pursuant to Mass. R. Civ. P. 12(b)(6), 365 Mass. 754 (1974), on two grounds: (1) that the complaint failed to allege sufficiently that the criminal prosecution was terminated in favor of Wynne; and (2) that the complaint failed to allege with sufficient particularity the want of probable cause. A judge of the Superior Court dismissed the complaint, stating that a nolle prosequi[2] entered by an assistant district attorney was not a final termination in favor of the plaintiff. He did not address whether the complaint alleged want of probable cause with sufficient particularity.

In an action for malicious prosecution, a plaintiff must establish that the criminal action was brought maliciously, without probable cause, and has been terminated in favor of the plaintiff.

---

[2] There was some dispute in the Superior Court as to whether the criminal prosecution had been dismissed by the District Court judge or nol prossed by the assistant district attorney. The assistant district attorney, although not obliged to do so, had submitted a motion to dismiss to the District Court judge. We need not address the difference because we would reach the same result under either banner. Moreover, with respect to the issue of law raised in this case, there can be no sound distinction between a nolle prosequi and a dismissal of the complaint. See *Bannon* v. *Auger,* 262 Mass. 427, 433 (1928).

*Hubbard* v. *Beatty & Hyde, Inc.,* 343 Mass. 258, 261 (1961). The issue presented in this case is whether a dismissal of a criminal complaint by the court or a nolle prosequi entered by a district attorney satisfies the requirement that the criminal prosecution has been terminated in favor of the plaintiff.

Since at least 1849, we have consistently adhered to the rule that a nolle prosequi of an indictment or a complaint is an insufficient basis on which to allege a termination in favor of the plaintiff. *MacLean* v. *Naumkeag Trust Co.,* 268 Mass. 437, 439 (1929). *Fogg* v. *First Nat'l Bank,* 268 Mass. 25, 27 (1929). *Cardival* v. *Smith,* 109 Mass. 158, 158-159 (1872). *Coupal* v. *Ward,* 106 Mass. 289, 290 (1871). *Brown* v. *Lakeman,* 12 Cush. 482, 482-483 (1853). *Parker* v. *Farley,* 10 Cush. 279, 280 (1852). *Bacon* v. *Towne,* 4 Cush. 217, 235 (1849). Cf. *Graves* v. *Dawson,* 130 Mass. 78, 82-83 (1881). The apparent reason for this position is that a nolle prosequi entered before jeopardy attaches does not operate as an acquittal, *Commonwealth* v. *Rollins,* 354 Mass. 630, 632 (1968), because another indictment or a complaint may still be returned for the same cause. *Fogg, supra.* In this jurisdiction, a plaintiff must allege and prove that the prosecution has ended by acquittal through a judge's finding or jury verdict, *Fogg, supra,* or through a discharge which demonstrates a legal end to the prosecution, *Cardival* v. *Smith, supra* at 159.

Massachusetts seems to stand alone in this position because it has not been followed in any other jurisdiction as far as we have been able to ascertain.[3] The Restatement (Second) of

---

[3] The following jurisdictions hold that the essential prerequisite of a termination in favor of a plaintiff is satisfied if there is a nolle prosequi entered by a district attorney or a dismissal entered by a judge without an agreement of compromise with the accused. *Snead* v. *Jones,* 169 Ala. 143, 147 (1910). *DeLaRiva* v. *Owl Drug Co.,* 253 Cal. App. 2d 593, 598 (1967). *Jackson* v. *Biscayne Medical Center, Inc.,* 347 So.2d 721, 723 (Fla. Dist. Ct. App. 1977). *Wilson* v. *Lapham,* 196 Iowa 745, 748-749 (1923). *Green* v. *Warnock,* 144 Kan. 170, 173-174 (1936). *Parks* v. *Winnfield Life Ins. Co.,* 336 So.2d 1021, 1028 (La. App. 1976). *Pugh* v. *Easterling,* 367 So.2d 935, 938 (Miss. 1979). *Lamprey* v. *H.P. Hood & Sons,* 73 N.H. 384, 385 (1905). *Loeb* v. *Teitelbaum,* 77 A.D. 2d 92, 99-100 (1980), modified on other grounds, 80 A.D. 2d 838 (N.Y. 1981). *Taylor* v. *Hodge,* 229 N.C. 558, 560 (1948). *Rose* v. *Whitbeck,* 277 Or. 791, 798-799, modified on other

Torts §§ 659-660 (1977)[4] has adopted the prevailing view. Under this majority rule, a criminal proceeding is terminated in favor of the accused when the public prosecutor formally abandons the proceeding by way of a nolle prosequi or motion to dismiss, unless such abandonment is the result of an agreement of compromise with the accused or if new proceedings for the same offense have been instituted. See Restatement (Second) of Torts § 659 comment c (1977).

In light of the overwhelming support for this position, we have decided to abandon the rule laid down in *Bacon* and its offspring. We now hold that a criminal prosecution is terminated in favor of the plaintiff when the district attorney formally abandons the criminal proceedings by a nolle prosequi or a motion to dismiss, as in this case. However, the reasons stated for the nolle prosequi[5] or dismissal must be consistent with the

grounds, 278 Or. 463 (1977). *Texas Scaggs, Inc.* v. *Graves,* 582 S.W.2d 863, 866-867 (Tex. Civ. App. 1979). *Niese* v. *Klos,* 216 Va. 701, 703-704 (1976). *Myhre* v. *Hessey,* 242 Wis. 638, 642 (1943). We have discovered only one jurisdiction, Maine, which has followed a rule similar to ours. However, this position has been placed in serious doubt by a recent decision. See *Bickford* v. *Lantay,* 394 A.2d 281, 283 (Me. 1978).

[4] Restatement (Second) of Torts § 659 (1977) reads as follows: "Criminal proceedings are terminated in favor of the accused by (a) a discharge by a magistrate at a preliminary hearing, or (b) the refusal of a grand jury to indict, or (c) the formal abandonment of the proceedings by the public prosecutor, or (d) the quashing of an indictment or information, or (e) an acquittal, or (f) a final order in favor of the accused by a trial or appellate court."

Restatement (Second) of Torts § 660 (1977) reads as follows: "A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if (a) the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused; or (b) the charge is withdrawn or the prosecution abandoned because of misconduct on the part of the accused or in his behalf for the purpose of preventing proper trial; or (c) the charge is withdrawn or the proceeding abandoned out of mercy requested or accepted by the accused; or (d) new proceedings for the same offense have been properly instituted and have not been terminated in favor of the accused."

[5] Massachusetts Rule of Criminal Procedure 16, 378 Mass. 885 (1979), requires the district attorney to give his reasons for the entry of a nolle prosequi. This requirement is designed to protect the public's interest in the integrity of the prosecutor's decision. *Commonwealth* v. *Sitko,* 372 Mass. 305, 309 n.2 (1977).

innocence of the accused. The circumstances of the abandonment must compel an inference that there existed a lack of reasonable grounds to pursue the prosecution. See *DeLaRiva* v. *Owl Drug Co.,* 253 Cal. App. 2d 593, 599 (1967); *Joiner* v. *Benton Community Bank,* 82 Ill. 2d 40, 45 (1980); *Loeb* v. *Teitelbaum,* 77 A.D. 2d 92, 100 (1980), modified on other grounds, 80 A.D. 2d 838 (N.Y. 1981). A criminal prosecution terminated by nolle prosequi on the basis of a procedural or technical defect will not suffice as a final favorable termination. But see *Kroger Company* v. *Puckett,* 351 So. 2d 582, 585-586 (Ala. Civ. App. 1977). In the present case, the nolle prosequi or dismissal satisfies the above requirements. The reason set forth by the assistant district attorney indicates a lack of reasonable grounds to prosecute. Clearly, this implies the innocence of the accused.

We no longer require that the criminal prosecution must proceed to the point at which no further prosecution may be maintained. See *Texas Scaggs, Inc.* v. *Graves,* 582 S.W.2d 863, 866 (Tex. Civ. App. 1979). The fact that a nolle prosequi would not bar another criminal prosecution on the same alleged cause should not be a defense to an action for malicious prosecution. Otherwise, a party might be continually harassed by one criminal complaint after another, each nol prossed before any opportunity for a trial on the merits. *DeLaRiva* v. *Owl Drug Co., supra* at 598. Additionally, we note that, "where a *nolle prosequi* is entered by the procurement of the party prosecuted, or by his consent, or by way of compromise, such party cannot have an action for malicious prosecution." *Bannon* v. *Auger,* 262 Mass. 427, 433 (1928), quoting from *Langford* v. *Boston & A. R.R.,* 144 Mass. 431, 431 (1887). In these instances, an action for malicious prosecution would be barred because the action of the accused is inconsistent with innocence.

Rosen and Mr. Weitz argue that the prevailing view outside of Massachusetts conflicts with the policy of this court which discourages actions for malicious prosecution. We agree that this jurisdiction has never favored such actions. We also acknowledge the sound policy consideration that "one [who] acts

with probable cause and in good faith in making a complaint to the proper court . . . ought not to be permitted by the law to be harrassed." *Wingersky* v. *E.E. Gray Co.,* 254 Mass. 198, 201 (1926). This potential harassment may deter the public's willingness to bring good faith criminal complaints. *Id.* at 202. Conversely, we must recognize a criminal defendant's right to be free from unjustifiable litigation. *Carroll* v. *Gillespie,* 14 Mass. App. Ct. 12, 18 (1982). The tort of malicious prosecution rests upon this premise.

A balance between these conflicting interests has been effectuated by imposing on a plaintiff the burden of proving the want of probable cause. "The want of probable cause is a vital and indispensable element in the plaintiff's case." *Good* v. *French,* 115 Mass. 201, 203 (1874). The want of probable cause is so essential that it "must be affirmatively proved, and may not be inferred from the existence of malice, . . . or from the fact of acquittal." *Higgins* v. *Pratt,* 316 Mass. 700, 709 (1944). This element is to be judged on the honest and reasonable belief of the party at the time he instituted the criminal complaint. *Muniz* v. *Mehlman,* 327 Mass. 353, 359 (1951). We fail to see how a decision which allows a nolle prosequi or dismissal to fulfil the requirement of a termination in favor of the plaintiff would upset the balance created by the separate and distinct requirement that the plaintiff prove the want of probable cause. These two prerequisites should not be confused and mingled. See 43 Harv. L. Rev. 500, 501 (1930). The subsequent event of dismissal or nolle prosequi is generally not relevant to the issue of probable cause. See *Muniz* v. *Mehlman, supra.*

Moreover, if we did not apply this new rule, we would, in effect, impose on the criminal defendant the burden of objecting to the nolle prosequi in order to preserve a right to litigate civilly. "While the traditional tilt of the law has been to favor criminal complainants in order to encourage private persons to aid in the enforcement of the law . . ., the societal interest involved cannot extend so far as to compel individuals charged with criminal offenses — and who may desire civil retribution — to resist dismissal of the charges . . . ." *Loeb* v. *Teitelbaum,*

*supra* at 101-102. Furthermore, such an objection on the part of a criminal defendant would be futile in light of the district attorney's absolute right to nol pros a case before the jury is empanelled, *Attorney Gen.* v. *Tufts,* 239 Mass. 458, 537-538 (1921), and the criminal defendant's apparent lack of standing to contest the prosecutor's action. See *Commonwealth* v. *Sitko,* 372 Mass. 305, 309 n.2 (1977).

We have applied this new rule to the facts of this case because "[t]he reform is not a drastic or radical incursion upon existing law. In no serious way will an existing interest be impaired or an expectation be disappointed or a reliance be defeated." *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 167 (1973).

*Judgment reversed.*