**[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

---

No. 02-1278

SIDDHARTHA BASU,

Plaintiff, Appellant,

v.

LAWRENCE BROGAN, individually and in his official capacity as a
Cambridge firefighter, and RICHARD DAHL, individually and in his
official capacity as a Cambridge firefighter,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

---

Before

Boudin, Chief Judge,

Bownes, Senior Circuit Judge,

Lynch, Circuit Judge.

---

Robert J. Doyle and Steinberg, Doyle on brief for appellant.
Joan M. Griffin, Erica Abate Recht and Testa, Hurwitz &
Thibeault, LLP on brief for appellees in their individual
capacities.
Nancy B. Schlacter on brief for appellees in their official
capacities.

September 4, 2002

**Per Curiam**.  Plaintiff Siddhartha Basu brought suit for conspiracy, false arrest, false imprisonment, abuse of process and malicious prosecution against Cambridge firefighters Laurence Brogan and Richard Dahl.  These claims arose from a 1997 incident in which the firefighters told police that Basu had deliberately struck Brogan with his car, leading to Basu's arrest.  The district court entered summary judgment for defendants.  We affirm.

Our review of the grant of summary judgment is de novo and we take all factual inferences in the light most favorable to the non-moving party.  McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995).

On November 15, 1997, Brogan and Dahl responded to a fire at a building in Cambridge, Massachusetts.  Basu, a tenant, drove his car out of the building's garage.  A fire truck blocked the garage exit, so Basu stopped his car on the sidewalk and asked Brogan to move the truck.  Brogan, seeing that Basu's car would obstruct the progress of an approaching blind pedestrian and a woman who was assisting this pedestrian, asked that Basu first back his car away from the sidewalk.  Brogan says he had to make several, increasingly forceful requests.  Eventually, Basu backed his car up a short distance.

Once the pedestrians walked past, Basu drove his car forward.  Brogan says he felt the car strike him from behind, knocking him onto or over the hood and then to the ground.  Dahl and Thomas MacNeil, also a firefighter, say that Basu's vehicle

knocked Brogan to the ground and continued to pull forward until Brogan reached into the car, grasped Basu, and ordered him to stop. Basu testified that his car did not make contact with Brogan, who he says was standing safely to the left.

Someone on the scene called the police. Two police officers promptly arrived; the firefighters told an officer that Basu intentionally had struck Brogan with his car from behind. The officers arrested Basu.

Basu was charged with assault and battery by means of a dangerous weapon and cited for driving to endanger. Nine months later, prosecutors filed a nolle prosequi dismissing the assault and battery charge. The government said it withdrew the citation because of a technical defect.

Two years later, plaintiff brought this action under 42 U.S.C. § 1983 (2000), with pendent state law claims.

1.      **Federal Civil Rights Conspiracy and State Conspiracy**

A principal element of a 42 U.S.C. § 1983 conspiracy is an agreement between the parties to inflict a wrong or injury upon another in violation of that person's civil rights. Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988). The pendent state law conspiracy claim requires that plaintiff show that the defendants established "'a common plan to commit a tortious act.'" Kurker v. Hill, 44 Mass. App. Ct. 184, 689 N.E.2d 833, 837 (1998) (quoting Stock v. Fife, 13 Mass. App. Ct. 75, 430 N.E.2d 845, 849 (1982)). There is no evidence that in the heat of the moment Brogan and Dahl arrived at an agreement or "common plan" to offer false statements

-4-

that would lead to Basu's arrest.  The police officers arrived very shortly after the car incident and immediately interviewed the firefighters.  Indeed, Basu himself agreed that the police should be called.

**2.**          **False Arrest and False Imprisonment (Federal and State)**

Brogan and Dahl are firefighters, not police officers, and they neither arrested nor imprisoned Basu.  Any liability must rest then on the theory that they induced the officers to make an arrest, that the officers acted not of their own volition but because of the defendants' request.  Rarely successful, but see Wagenmann v. Adams, 829 F.2d 196, 209-10 (1st Cir. 1987), the theory usually fails, see, e.g., Tomaiolo v. Mallinoff, 281 F.3d 1, 10 (1st Cir. 2002).  That is because citizens, including public employees, have a perfect right to complain to and seek the protection of the police about possible crimes.  Massachusetts law on this point may be less favorable to plaintiffs; it is certainly not more favorable.  See Mezullo v. Maletz, 331 Mass. 233, 118 N.E.2d 356, 359 (1954) ("One who procures the arrest or confinement of another on lawful process is not liable to an action of false imprisonment, although he caused the process to issue by means of false statements."); Zinkfein v. W.T. Grant Co., 236 Mass. 228, 128 N.E. 24, 26 (1920) ("In an action for false imprisonment, where a wrongful arrest has been made on information given by a defendant, there is no liability on the part of the informant for the arrest unless the officer acted under the direction of the defendant or as his agent.").  Here, unlike Wagenmann, the arrest was supported by

-5-

probable cause, there was no evidence of overweening influence on the officers, and there was no evidence of conspiracy. That dooms the claim.

Nonetheless, Basu focuses on the truth of the statements made to police. Basu's evidence would not permit a reasonable jury to find that Brogan and Dahl lied about the alleged assault or that they wanted to induce Basu's confinement. The police did arrest Basu because Brogan and Dahl and other firefighters told the police officers at the scene that plaintiff had struck Brogan deliberately. That is far from enough. See, e.g., Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249 (1st Cir. 1996) (upholding summary judgment dismissing false arrest claim against private party where police arrested plaintiff on basis of statements offered by defendant). Basu relies primarily on the videotape of the incident and the "changes" in Brogan's testimony after he saw the videotape to argue it is clear that he did not hit Brogan, so the claim that he did must be false. Neither the videotape nor Brogan's testimony create an issue of material fact. The videotape is inconclusive, because of the time gaps between frames.

Brogan's testimony is not inconsistent. In the report Brogan prepared on the day of the incident, he describes himself as being sent "up upon the hood of the car," but in the deposition given after Brogan had viewed the videotape, he says that he was sent "over the hood." However, Brogan used both phrases in his initial report. Plaintiff also has not contested defendants' evidence that just hours after the incident the fire department

-6-

gave Brogan medical leave -- which lasted three months, while he received regular physical therapy and other medical attention. The statements of Brogan, Dahl, and MacNeil are internally consistent and corroborate each other. Plaintiff has not created an issue of material fact that the statements given by the firefighters were false.

**3.       Abuse of Process (State Law)**

The elements of a Massachusetts abuse of process claim are "(1) that process is used (2) for an ulterior or illegitimate purpose, (3) resulting in damage to the plaintiff." Refuse & Envtl. Sys., Inc. v. Indus. Servs. of Am., Inc., 932 F.2d 37, 41 (1st Cir. 1991); see Jones v. Brockton Pub. Mkts., Inc., 369 Mass. 387, 340 N.E.2d 484, 485 (1975). As the discussion above demonstrates, there was no evidence from which a reasonable jury could conclude that there was an abuse of process.

**4.       Malicious Prosecution (State Law)**

To make out his pendent malicious prosecution claim under state law, "a plaintiff must establish that the criminal action was brought maliciously, without probable cause, and has been terminated in favor of the plaintiff." Wynne v. Rosen, 391 Mass. 797, 464 N.E.2d 1348, 1350 (1984). There is no evidence of malice and the officers had probable cause.

Affirmed. Costs are awarded to defendants.