**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1975

ERICK J. JONES,

Plaintiff, Appellant,

v.

CITY OF BOSTON, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

Erick J. Jones on brief pro se.
Thomas F. Reilly, Attorney General, and Eva M. Badway, Assistant Attorney General, on brief for appellees Suffolk County District Attorney and Suffolk County District Attorney's Office.
Kenneth J. Forton, Assistant Corporation Counsel, on brief for appellees, City of Boston, John Doe and John Foe.

June 14, 2005

**Per Curiam**. Appellant Erick Jones appeals from the dismissal of his civil rights complaint under Fed. R. Civ. P. 12(b)(6) and the district court's denial of his motion to amend his complaint. For the reasons given below, we affirm.

Jones asserts that his federal and state malicious prosecution claims were timely and that he should have been allowed to amend his complaint to add related fact allegations.[1] As indicated below, however, Jones failed to plead specific facts tending to show that the state criminal proceedings terminated in his favor. As a result, his malicious prosecution claims are neither presently cognizable (they have not yet accrued), nor substantively viable (one of the prerequisites for that cause of action is lacking).[2] Lambert v. Williams, 223 F.3d 257, 262 n.3 (4th Cir. 2000) (discussing significance of failure to show favorable termination) (relying ultimately on Heck v. Humphrey, 512 U.S. 477, 483-84 (1994)); Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001) (describing key elements of the common-law cause of action in Massachusetts). Hence, we affirm.

---

[1]On appeal, Jones concedes that his remaining claims were untimely, and he does not challenge the court's conclusion that his suit against the Suffolk County District Attorney's Office and associated defendants was barred by immunity or otherwise.

[2]For present purposes, we assume that Jones may assert a malicious prosecution claim under 42 U.S.C. § 1983 based on the Fourth Amendment. See Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001) (stating that it is an "open question" whether the Constitution permits the assertion of such a claim)(citations omitted).

The complaint and proposed amendment thereto made only conclusory allegations on the favorable termination question.  On appeal, Jones explains that the Commonwealth dismissed the criminal charges against him, offering a state court docket summary in support.  But he does not allege facts that would permit an inference that the charges were dismissed because of his innocence or the Commonwealth's lack of reasonable grounds for the prosecution.  See Wynne v. Rosen, 391 Mass. 797, 800-01 (1984) (defining the circumstances when a state dismissal of charges constitutes a favorable termination).  Moreover, the state court docket indicates that the dismissal occurred after Jones completed a period of pretrial probation under Mass. Gen. Laws c. 276, § 87.  If anything, this suggests that dismissal was a compromise solution as defendants maintain, in which neither party conceded guilt or innocence.  See Commonwealth v. Tim T., 437 Mass. 592, 596 (2002) (describing the implications of pretrial probation when used as a prelude to dismissal).  A disposition of this kind is not "favorable."  Wynne, 391 Mass. at 801 (agreeing that a dismissal based on the parties' compromise bars a malicious prosecution claim).

Jones acknowledges that his attorney assented to his pretrial probation.  But he suggests that neither he nor his attorney were present at the dismissal hearing and "thus" did not

consent to dismissal of the charges.[3] An oblique contention of this kind is an insufficient basis for a remand to the district court. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990) (in evaluating a motion to dismiss, the court is not obliged to credit "bald assertions, periphrastic circumlocutions, [or] unsubstantiated conclusions"). For one thing, neither the original complaint nor the proposed amendment alleges affirmatively that Jones did not consent to the dismissal. In addition, the course of events described in the state court docket all tend to support the opposite conclusion that Jones acquiesced in the dismissal, if not directly, then through his attorney. In any event, this indirect claim of lack of consent does not solve the basic flaw in this case -- Jones' failure to plead specific facts permitting the inference that the charges against him were dismissed because he was innocent and there were no reasonable grounds to prosecute him.[4]

Affirmed.

---

[3]The docket shows that Jones was not present at the dismissal hearing, but that his attorney was. To the extent that Jones relied on the docket for his claim that his attorney was not present, he apparently misread the docket.

[4]In fact, Jones' record appendix contains materials which seriously undermine his malicious prosecution claims. For example, a grand jury transcript indicates that the grand jury had access to a videotaped statement by Jones' alleged victim. Jones claimed that the defendants had withheld that statement from the grand jury.

-4-