Morton v. Young.

---

SAMUEL S. MORTON *versus* SAMUEL J. YOUNG.

A person, arrested on a special writ, subsequently and for the purpose of procuring his discharge, paying under protest a portion of the sum claimed in the writ, is not thereby estopped from showing, in the trial of an action for malicious prosecution, the want of probable cause in the original suit.

ON EXCEPTIONS.

CASE for malicious suit.

After introducing original writ, *Young* v. *Morton*, returnable before a trial justice in this county, *G. S. Bean*, called by the plaintiff, testified, substantially, that, as deputy sheriff, he arrested the plaintiff by virtue of the writ here introduced, Feb. 20, 1865, about one o'clock, P. M., and kept him under arrest until nearly evening, when the plaintiff paid $15, alleging at the same time that he owed the defendant nothing, but had previously adjusted all claims between them; that the plaintiff was about starting for the west, when arrested; that something was said about giving bond; that nothing was said about a compromise; that, upon receiving the $15, the witness had followed instructions of Young's attorney, and thereupon witness gave Morton a receipt and released him from arrest.

Plaintiff testified, — that, when arrested, he was about " going to the west," not knowing that he should return; that he paid the $15 to procure his release, and that he owed Young nothing at the time; that he paid the $15 rather than be bothered with the suit. Evidence concerning original indebtedness was introduced by both parties.

The defendant requested the presiding Judge to instruct the jury, —

1. That, if the plaintiff, on Feb. 20, 1865, after his arrest and while in custody of the officer, settled the suit of *Young* v. *Morton*, by paying $12 and the officer's cost, the officer being duly authorized to settle it, he is estopped to deny that there was probable cause to sue for the amount of $12, less the price of writ, oath and stamps, 79 cents;

2. That, if the plaintiff settled the suit, *Young* v. *Morton*, on Feb. 20, 1865, this action cannot be maintained; and

3. That, if the jury find that Morton settled the suit of *Young* v. *Morton*, by a payment of $12 and officer's cost, or $15 for the whole, because he thought it would cost him more than that sum to defend the suit, then he cannot maintain this action.

The presiding Judge declined to give the instructions as requested, but did instruct the jury that, if they were satisfied that, after arrest and while held in custody, the officer told Morton it could be settled for $15, and was authorized so to do; and, if the plaintiff, to compromise or settle the debt or to obtain a discharge from his obligation to pay the debt simply, paid voluntarily the sum demanded, either as for debt or debt and cost, whether to save cost or trouble, or other motive, he could not afterwards maintain a suit for malicious prosecution. But, if he paid it to obtain his liberty and a release from arrest and duress, and not merely to obtain a discharge from the debt claimed, and he paid under protest, denying all right on the part of the defendant or liability on his part, the fact of such payment would not prevent his afterwards maintaining this suit, if otherwise established. Verdict was for the plaintiff, and thereupon the defendant alleged exceptions.

*Josiah Crosby*, for the defendant.

This kind of action is but the continuance of a former suit, and at best, a necessary evil, and its bounds should not be extended. Courts have always looked upon it with jealous eye. A peculiar feature distinguishes this case from all others, — probable cause being really a question of fact, but in practice a question of law. Courts always require the plaintiff to show he was acquitted if tried on former action. If convicted in an inferior Court, but acquitted in the appellate Court, he cannot maintain this action. And even if acquitted, yet if the jury paused, the action is not maintainable. 2 Greenl. on Ev., § 457 ; *Payson* v. *Caswell*, 22 Maine, 212 ; *Witham* v. *Gower*, 14 Maine, 362. So, if the party acted *bona fide* under advice of counsel. *Reynolds* v. *Kennedy*, 1 Wilson, 232. Counsel also cited *Savage* v. *Brewer*, 16 Pick., 453 ; *Max* v. *Gray*, 42 Maine, 86.

*N. Wilson*, for the plaintiff, cited *Plummer* v. *Dennett*,

6 Maine, 421; *Merriam* v. *Mitchell*, 13 Maine, 439, and cases *infra*.

DICKERSON, J.— Case for malicious prosecution. The question reserved in this case is, whether the plaintiff, having submitted to the original suit, by paying part of the sum demanded, is thereby concluded from showing that it was brought without probable cause. The counsel for the defendant maintains the affirmative of this proposition, but the presiding Judge instructed the jury, that, while this would be true if the payment was made voluntarily, it would be otherwise if the plaintiff settled the claim to obtain his liberty from arrest and duress, denying all right of the defendant at the time of payment. The jury were instructed, in substance, that they might determine from the facts and circumstances attending the settlement of the action, whether the payment was made voluntarily and in submission to the defendant's claim, or compulsorily and in denial of it; if they should find the former, they should acquit the defendant, if the latter, they should return a verdict for the plaintiff, the other points in the case being irrelevant. The verdict of the jury establishes the fact of the payment under duress and protest, and the want of probable cause.

The burden is upon the plaintiff to show- that the original suit was commenced without probable cause. If he settled the demand understandingly, and voluntarily, he is estopped from denying that the defendant had probable cause for bringing the suit. If he would contest the claim, he should have done so, before settlement; if, under duress, he should have protested against his liability. If a party is silent, where self interest commands him to speak, he will not be permitted to speak, when public policy commands him to keep silent.

The same legal consequences do not follow acts done under duress of arrest and protest, as when done freely and voluntarily,— under the abuse, as under the legitimate use of legal process. Suppose that, instead of set-

tling the defendant's demand the plaintiff had given him a deed or bond; how could he defend an action brought on such instrument, if the fact of his giving it is conclusive evidence that the defendant had a valid claim against him? Is the plaintiff the worse off for having paid his money, than he would have been if he had given a deed or bond to get his liberty? The rule of law is, that if a man, supposing he has a cause of action against another, cause him to be arrested and imprisoned, and the defendant voluntarily executes a deed for his deliverance, he cannot avoid such deed for duress of imprisonment, although the plaintiff, in fact had no cause of action; but when the imprisonment is unlawful, although by color of legal process a deed obtained from a prisoner for his deliverance, by him who is a party to the unlawful imprisonment, may be avoided for duress of imprisonment. *Watkins* v. *Baird*, 6 Mass., 506.

There is nothing in principle, and we have not found anything in authority, which places a party upon less favorable footing who pays his money to procure his release from arrest on a groundless suit, than he who gives his bond or deed for the same purpose; if he may avoid the latter, he may recover back the former.

When the consequences of a man's acts are the subject of legal inquiry, the circumstances attending and the motives prompting them are proper matters for consideration. Especially does this become necessary where the question of volition is involved. To give the same legal effect to a party's acts, committed against his own interests, whether prompted from choice, or extorted by violent physical and moral compulsion, would be to confound those distinctions in law, which are uniformly recognized both in morals and divinity as the touchstone of human accountability.

The law does not make successful wrong a shield to protect its perpetrator from liability to afford redress to the injured party. If the wrongdoer has his hour of triumph, his hour of retribution is sure to come at last. The man

who falsely, maliciously, and without probable cause, sues out a process, arrests another, and compels him to pay money to procure his liberty, commits a wrong for which the law affords the sufferer redress in damages. The suing out of legal process is an abuse of the law to cover the fraud, the very wrong which the action for malicious prosecution was instituted to redress. It would be a reproach upon the law, if it should allow the payment of the money, thus wrongfully and illegally extorted from the plaintiff, to have any legal effect against him. In *Watkins* v. *Baird, ante,* the Court, PARSONS, C. J., held, not only that a deed given to procure the deliverance of a party from unlawful arrest and imprisonment on a groundless claim, was void, but that an action of malicious prosecution might properly be maintained. *Peirce* v. *Thompson,* 6 Pick., 192.

The opinion of TENNEY, C. J., in *Marks* v. *Gray,* 42 Maine, 86, is in harmony with this view of the law. In that case, the original defendants agreed to allow a certain sum on account of the alleged trespass, and the action was disposed of in accordance with that agreement; there was no coercion, and no payment under protest. The *quære* raised by Mr. Justice WILDE upon this subject, in *Savage* v. *Brewer,* 16 Pick., 453, was not germain to the issue upon which his opinion is based, and is at most, not a *dictum,* but a doubt.                                      *Exceptions overruled.*

APPLETON, C. J., CUTTING, KENT, BARROWS and DAN-FORTH, JJ., concurred.