## LEEVER v. HAMILL.

SUPREME COURT.—*Practice.*—*Failure to Object to Evidence.*—Error in the admission of evidence which was neither objected to nor assigned as cause for a new trial is not available on appeal to the Supreme Court.

MALICIOUS PROSECUTION.—*Evidence.*—*Parol Evidence of Record.*—On the trial of an action to recover damages for an alleged malicious prosecution of the plaintiff by the defendant, it was established by parol evidence, without objection by the defendant, that he had caused the plaintiff to be arrested for a crime, and that, owing to the failure of the defendant to appear as a witness against the plaintiff, the cause had been continued from time to time, till the plaintiff was finally allowed to go at liberty. *Held,* that the evidence sufficiently shows an end of such prosecution.

From the Marion Superior Court.

*H. Dailey, W. N. Pickerill, J. Hanna* and *F. Knefler,* for appellant.

*J. S. Harvey,* for appellee.

BIDDLE, C. J.—Complaint by Michael Hamill, against Philip A. Leever, for malicious prosecution and false imprisonment.

An answer was filed, various rulings upon demurrers had, and exception taken; but, as the appellant has waived the discussion of these questions in his brief, we shall waive their statement and examination.

Issues of fact were joined, a trial by jury had, and a verdict for appellee found.

A motion for a new trial was made, founded on the following causes:

1.  The verdict is contrary to law;
2.  The verdict is not sustained by evidence;
3.  The damages are excessive; and,
4.  The verdict is not sustained by sufficient evidence.

Motion overruled; exception; appeal.

We may dispose of the first assignment of error by saying, that no question of law occurring at the trial has been raised. The appellant discusses, in his brief, the admission of certain evidence to the jury, which he insists

was incompetent; but he neither objected to it at the time it was offered, nor assigned its admission as a cause for a new trial. There is therefore no such question before us.

The second and fourth assignments of error are the same. The only questions properly before us are: Does the evidence sustain the verdict? Are the damages excessive?

The evidence is too voluminous to copy, and too diffuse to condense and present it fairly; but we have carefully read it all, and believe it fairly sustains the verdict. Nor can we say that it does not fairly support the amount of damages assessed.

But the appellant insists that the evidence does not show a final determination of the prosecution complained of, and a discharge of the appellee therefrom. It is true, that no record evidence was shown of a final discharge of the appellee; but his arrest for larceny and imprisonment, at the instance of the appellant, are shown, and that the appellee appeared before the mayor in obedience to the writ; that, no prosecuting witness appearing, the case was continued; that he appeared again, according to the continuance; that still no witness appeared against him, and no trial was had, but that he was allowed to go at liberty; all of which was shown by parol evidence, without objection, and which stands uncontradicted.

We think this is sufficient to authorize the jury to find that the prosecution was at an end. At least, we can not disturb the verdict on this ground, after it has been examined by, and received the sanction of, the court below.

The judgment is affirmed, with costs.