## Woodman *v.* Prescott.

In an action for malicious prosecution, it is a sufficient termination of the proceeding complained of to enable the plaintiff to bring his action, if it has been terminated in his favor, without procurement or compromise on his part, in such a manner that it cannot be revived.

Case, for malicious prosecution.   Verdict for the plaintiff.   At the October term, 1885, the grand jury, on the complaint of the defendant, returned an indictment against the plaintiff for larceny (under Gen. Laws, *c.* 278, *s.* 11) alleged to have been committed, and which was committed, if at all, in March, 1880.   A *nolle prosequi* was entered at the October term, 1886.   The plaintiff has always resided in this state.   There was evidence tending to show that the defendant had no knowledge of the facts on which the prosecution was founded until 1885, and that the *nolle prosequi* was entered because Prescott did not receive notice of the time fixed for the trial in season to procure the attendance of the witnesses for the state; but the plaintiff claimed the fact to be otherwise.   At the close of the plaintiff's argument to the jury, the defendant requested the court to rule that the entering of a *nolle prosequi* was not a sufficient termination of the prosecution to entitle the plaintiff to maintain the action.   The court denied the request, and the defendant excepted.

J. *Kivel* and *G. S. Frost*, for the defendant.

C. *Page*, for the plaintiff.

CLARK, J.   To maintain an action for malicious prosecution, the plaintiff must show that the proceeding complained of as malicious was instituted without probable cause and is ended.  " The new action must not be brought before the first be determined, because till then it cannot appear that the first was unjust."  Bull. N. P. 12. If the first action is still pending, or if there has been a judgment against the plaintiff, or if he has terminated the suit by paying what was demanded (unless the payment was made under duress— *Morton* v. *Young*, 55 Me. 24), or by compromise, he cannot be admitted to say that the action was commenced without probable cause, and consequently cannot have an action for malicious prosecution.  If there has been a judgment in the plaintiff's favor, or if the nature of the proceeding was such that he had no opportunity to make a contest and obtain a decision in his favor,—as where one maliciously causes another to be arrested and held to bail in a civil action and fails to enter the action (*Cardival* v. *Smith*, 109 Mass. 158),—he may bring an action for malicious prosecution.

Whether the entry of *nolle prosequi* is a sufficient termination of a criminal suit to allow the party prosecuted to commence an action for malicious prosecution, is a question upon which the authorities are not uniform.   In Massachusetts it is held that such an entry is not necessarily sufficient, and it is said that " whether a prosecution has been so terminated as to authorize the party prosecuted to commence an action for malicious prosecution, is to be determined by the facts of the particular case, of which facts the entry of *nolle prosequi* may be one of several, may be the only fact, may be a controlling fact, or may be an entirely unimportant one."   *Graves* v. *Dawson*, 130 Mass. 78.   In *Langford* v. *Railroad*, 144 Mass. 431, *Morton*, C. J., says,—" The entry of a *nolle prosequi* by the district attorney of his own motion, followed by a discharge of the accused party by the court, may be such a termination of the prosecution as will enable the party to maintain an action for malicious prosecution."   And it is held that a discharge by a magistrate having only authority to bind over is a sufficient termination of the proceedings.   *Moyle* v. *Drake*, 141 Mass. 238, 242.

In other jurisdictions the entry of a *nolle prosequi* is held to be sufficient.   *Stanton* v. *Hart*, 27 Mich. 539 ; *Hatch* v. *Cohen*, 84 N. C. 602 ; *Brown* v. *Randall*, 36 Conn. 56 ; *Apgar* v. *Woolston*, 43 N. J. Law 57.   In the latter case it is said,—" No action for a malicious prosecution can be brought while the criminal proceedings are pending.   When the criminal prosecution is ended, if it terminates in favor of the accused, he may then maintain his action for a malicious prosecution.   Except to confer on the accused the capacity to sue, the manner in which the prosecution terminated is

immaterial. The law requires only that the particular prosecution complained of shall have been terminated,—and not that the liability of the plaintiff to prosecution for the same offence shall have been extinguished,—before the action for malicious prosecution is brought. Consequently the refusal of the grand jury to find an indictment, a *nolle prosequi*, or any proceeding by which the particular prosecution is disposed of in such a manner that it cannot be revived, and that the prosecutor, if he intends to proceed further, must institute proceedings *de novo*, is a sufficient termination of the prosecution to enable the plaintiff to bring his action." So, also, Judge Cooley says,—" The reasonable rule seems to be, that the technical prerequisite is only that the particular prosecution be disposed of in such a manner that this cannot be revived, and the prosecutor, if he proceeds further, will be put to a new one." Cool. Torts 186, citing *Clark* v. *Cleveland*, 6 Hill 344, 347, *Cardival* v. *Smith*, 109 Mass. 159, *Driggs* v. *Burton*, 44 Vt. 124, *Leever* v. *Hamill*, 57 Ind. 423.

The rule supported by reason and authority seems to be, that if the proceeding has been terminated in the plaintiff's favor, without procurement or compromise on his part, in such a manner that it cannot be revived, it is a sufficient termination to enable him to bring an action for a malicious prosecution.

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.