Merrimack, }
Dec., 1897. }

## STATE *v.* COX.

On the trial of an indictment for a second offence of illegally keeping malt liquor for sale, a former conviction may be proved by the original complaint and the minutes of the clerk of court thereon, showing that the defendant pleaded guilty and was fined.

INDICTMENT, for a second offence of illegally keeping malt liquor for sale. Verdict for the state. The alleged former conviction was before a police court; and the only record of it was the original complaint with minutes indorsed upon it by the clerk of court, showing that the defendant pleaded guilty and was fined. The complaint and minutes were received in evidence, subject to the defendant's exception.

*George M. Fletcher*, solicitor, for the state.

*Daniel B. Donovan, Almon F. Burbank*, and *Albin, Martin & Howe*, for the defendant.

PIKE, J. The original complaint and the minutes indorsed upon it contained explicit evidence of all facts required for extending the judgment. They were the only evidence of the judgment in existence at the time of trial. The court had authority to allow a formal record to be made from them before receiving the evidence. *Willard* v. *Harvey*, 24 N. H. 344; *Ballou* v. *Smith*,

29 N. H. 530. The extended record would prove the same facts with the same force that the complaint and minutes proved. The defendant would receive no benefit by the change in the form of proof.

It is held in Massachusetts under similar circumstances that the complaint and clerk's minutes are competent evidence of the judgment. *Pruden* v. *Alden*, 23 Pick. 184, 187; *Commonwealth* v. *Hatfield*, 107 Mass. 227, 231; *Good* v. *French*, 115 Mass. 201, 204. Similar evidence was received, apparently without objection, in *Caouette* v. *Young*, 67 N. H. 159.

*Exception overruled.*

Blodgett, J., did not sit: the others concurred.