Rockingham,  
Nov. 7, 1905.

### LAMPREY *v.* H. P. HOOD & SONS.

An entry of *nolle prosequi* which was not procured by the respondent in a criminal proceeding, nor made in consequence of a compromise to which he was a party, is a sufficient termination of the case in his favor to support a subsequent action for malicious prosecution against the complainant.

CASE, for malicious prosecution. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1905, of the superior court by *Stone*, J.

The malicious prosecution alleged was an indictment found by the grand jury against the plaintiff for the use of milk cans belonging to the defendants and duly registered by them, in violation of the provisions of chapter 120, Laws 1903. A jury was impaneled to try the indictment. After the state had introduced some evidence, a conference was had between the presiding justice and the solicitor concerning the law under which the indictment was found, as a result of which the solicitor entered a *nolle prosequi* in

the case.   The plaintiff's counsel was present at the conference and did not object to the entry or say anything in reference to it. The solicitor testified that "the trial got to the point where the presiding judge announced his interpretation of what the law meant; and his interpretation of it was such that I told him that the state could not prove a condition of things that he said must be shown under the law."

The defendants' motions for a nonsuit and for an order directing a verdict in their favor were denied, subject to exception.   In the absence of an extended record of the state case, the docket entries of the clerk were received in evidence, subject to the defendants' exception.

*Page & Bartlett* and *Ernest L. Guptill*, for the plaintiff.

*G. K. & B. T. Bartlett* and *Samuel W. Emery* (of Massachusetts), for the defendants.

CHASE, J.   The exceptions to the denials of the defendants' motions for an order of nonsuit and an order directing a verdict in their favor raise the question whether the entry by the solicitor of a *nolle prosequi* in the state case was, under the circumstances, a sufficient termination of the case in the plaintiff's favor to enable him to maintain this action.   The answer to this question depends upon the answer to the further question, whether the entry was procured by the plaintiff or was made in consequence of a compromise to which he was a party.   If it was caused in either of these ways, it was not such a termination of the case as will support this action; but if it was not so caused, it will support the action.   *Woodman* v. *Prescott*, 66 N. H. 375.   The latter is a pure question of fact.   The circumstances under which the entry was made do not conclusively show that it was procured by the plaintiff or was occasioned by a compromise to which he was a party.   There was evidence from which the jury could find that the entry was the act of the solicitor, induced solely by the advice of the court as to the law governing the case.   The defendants' motions were properly denied.

The exception to the admission of the docket entries in the former case as evidence is not insisted upon.   *State* v. *Cox*, 69 N. H. 246.

*Exceptions overruled.*

All concurred.