ARTHUR E. F. SMITH *vs.* MAX MARKENSOHN.

MARCH 25, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Malicious Prosecution.  Money Paid under Duress.*

If a person arrested while protesting that he is not indebted to the person causing his arrest pays the money demanded simply to procure his freedom, he is not thereafter debarred from maintaining an action for malicious prosecution.

TRESPASS ON THE CASE for malicious prosecution.  Heard on exceptions of defendant, and overruled.

PER CURIAM.  This is an action of trespass on the case for malicious prosecution which was brought to this court upon the defendant's bill of exceptions from the Superior Court, after verdict for the plaintiff in the sum of $300, and after the defendant's motion for a new trial had been denied by said court.  The bill of exceptions brings before us the same questions that were presented to the Superior Court upon the motion for a new trial and, as the reasons given by the justice for his refusal to grant a new trial appear to us to be well

founded, both in law and in fact, we adopt as the opinion of this court his decision, as follows:

## "RESCRIPT.

"BAKER, J. This is an action for malicious prosecution. The plaintiff alleges his arrest by the defendant on a writ based upon the affidavit of the present defendant that he had a just claim against the plaintiff which was then due; that the plaintiff was about to leave the State without leaving any property therein upon which an execution could be levied; and that the plaintiff had committed fraud in the contracting of the debt and both in the concealment and disposition of his property.

"At the present trial there was no attempt to support the charge of fraud. The plaintiff admitted that at the time of his arrest he was about to leave the State and that his household furniture was to be left stored in Providence, but denied that he was then indebted to the defendant in any sum whatever. While under arrest the plaintiff paid the constable the sum of $20, $16 being the defendant's claim for rent and $4 the constable's demand for his services. The defendant urges that such payment was made in settlement of his claim. The plaintiff alleges that he was coerced to pay the sum by duress of imprisonment in order to secure his liberty. If, as a fact, the plaintiff, without protest, paid the money in settlement of defendant's claim, it is plain that he can not maintain the present action. The law is well settled in that respect.

There was conflicting testimony as to whether the rent was due at the time of the plaintiff's arrest, and as to whether he then denied it to be due. The jury evidently found that the plaintiff was not indebted to the defendant when arrested, and that he did not so admit, but the contrary. They also apparently found that the defendant either did not believe or was not reasonably entitled to believe that the plaintiff was indebted to him when he caused his arrest. Upon the testimony and the appearance of the witnesses on the stand, I think the jury amply warranted in so finding, and upon such findings and fact duress by imprisonment might be construed to exist.

*Strong* v. *Grannis*, 26 Barb. N. Y. 122; *Watkins* v. *Baird*, 6 Mass. 506; *Richardson* v. *Duncan*, 3 N. H. 508; 9 Cyc. 444, and cases cited; 10 Am. & Eng. Ency. of Law, 2d ed. 322, 324.

(1)    "If a person arrested while protesting that he is not indebted to the person causing his arrest pays the money demanded simply to procure his freedom, he is not thereafter debarred from maintaining an action for malicious prosecution. *Morton* v. *Young*, 55 Me. 24.

"The cases cited by the defendant are not necessarily inconsistent with the case last named as to the law. In the present case the testimony, in my judgment, required the submission of the question to the jury as to whether the payment of the $20 was made in settlement, or under duress to obtain his liberty. The verdict of the jury is in effect that the payment was made under duress and protest, and that there was want of probable cause. I think that the jury might properly so find upon the evidence.

"The defendant also urges that the damages are excessive. Whether the jury intended the damages to be simply compensatory or both compensatory and punitive can not positively be inferred; but if the latter be the fact, the damages awarded are not so large as to imply that the jury was influenced by passion or prejudice.

"The motion for a new trial is denied."

The defendant's exceptions are therefore overruled, and the case is remitted to the Superior Court with directions to enter judgment on the verdict.

*Charles H. McKenna*, for plaintiff.

*Waterman, Curran & Hunt*, for defendant. *Lewis A. Waterman*, of counsel.