Hillsborough
No. 6550

ROGER L. ROBINSON v. FIMBEL DOOR COMPANY

June 29, 1973

*Kfoury & Williams (Mr. Joseph Williams* orally) for the plaintiff.

*Stein, Gormley & Morrill (Mr. Morris D. Stein* orally) for the defendant.

KENISON, C.J. The question in this case is whether plaintiff proved at trial a case of malicious prosecution against the defendant. Withdrawing the issue of whether the criminal proceeding had terminated in plaintiff's favor, the Trial Court (*Loughlin*, J.) submitted the issues of the defendant's malice and lack of probable cause to the jury which returned a verdict for the plaintiff. The defendant's exception to the denial of its motion for a nonsuit was transferred to this court.

Plaintiff worked for the defendant as a contractor to install overhead doors. On one job in August and September 1969, plaintiff performed some "extra work" for the defendant, involving the preparation of door openings prior to installation of the doors, and billed the defendant for these extra services. A dispute arose over defendant's liability to the plaintiff for this work, and plaintiff terminated his association with the defendant. Plaintiff refused to return the defendant's welder and other installation equipment which he regularly kept on his truck and informed the defendant that he would keep the equipment until he was paid in full for his extra work. After several unsuccessful requests for the return of the equipment, defendant consulted its attorney, Morris Stein. Mr. Stein sent the plaintiff a demand letter stating that a warrant would be issued for plaintiff's arrest for unlawful retention of the equipment if it were not returned "forthwith." Eight days after this letter was mailed to the plaintiff he was arrested upon an arrest warrant and complaint for embezzlement procured by an agent of the defendant upon the advice of Mr. Stein. Just prior to a court appearance the next day, both parties and their counsel agreed that the criminal action would be nol prossed in exchange for a return of the equipment by the plaintiff.

The equipment was then promptly returned and several days later the criminal action was nol prossed. Plaintiff subsequently instituted this action for malicious prosecution and another action for compensation for his extra work.

To prevail upon a claim of malicious prosecution, a plaintiff must prove that he was subjected to a criminal prosecution instituted by the defendant without probable cause and with malice, and that the criminal proceeding terminated in his favor. *MacRae v. Brant*, 108 N.H. 177, 230 A.2d 753 (1967); *Perreault v. Lyons*, 99 N.H. 169, 106 A.2d 380 (1954); 1 F. Harper and F. James, Law of Torts §§4.1-.12 (1956); Prosser, Torts §119 (4th ed. 1971); Restatement of Torts §653 (1938). Defendant based its motion for a nonsuit in part upon the claim that plaintiff had not established that the criminal proceeding terminated in his favor. Relying upon *MacRae v. Brant supra*, the trial court ruled that the nol pros as a matter of law was a disposition of the criminal proceeding favorable to the plaintiff. The holding in *MacRae*, however, was only that a dismissal for lack of prosecution was a termination in plaintiff's favor. The evidence in this case, on the other hand, conclusively established that the nol pros was the result of a compromise or settlement between the plaintiff and the defendant, conditioned upon the plaintiff's agreement to return the equipment to the defendant immediately. Unlike an action for abuse of process (*see* 1 F. Harper and F. James, *supra* §4.9; W. Prosser, *supra* §121; Restatement (Second) of Torts § 682, Comment *a* (Tent. Draft No. 13, 1967)), a plaintiff cannot prevail in a malicious prosecution action under these circumstances.

While occasionally producing a harsh result, this rule is generally sound and well established. "By the overwhelming weight of authority, where the prior proceeding was ended by a compromise or settlement, voluntarily and understandingly consummated by the accused, there is not such a favorable termination as will support the action." Casenote, *Malicious Prosecution--Compromise of the Criminal Proceeding as a Bar*, 3 Vand. L. Rev. 841, 842 (1950); *accord*, W. Prosser, *supra* §119, at 838-40; Restatement (Second) of Torts §660 (a) (Tent. Draft No. 13, 1967). "To show a termination in his favor, the plaintiff must prove that the court passed on the merits of the charge or claim against him under such circum-

stances as to show his innocence or nonliability, or show that the proceedings were terminated or abandoned at the instance of the defendant under circumstances which fairly imply the plaintiff's innocence. Thus, if the complaint is dismissed either by reason of insufficient evidence or because the complaining witness fails to appear or abandons the prosecution [as in *MacRae v. Brant,* 108 N.H. 177, 230 A.2d 753 (1967)], the proceedings have terminated in the plaintiff's favor. The result is the same if there is a voluntary dismissal by the prosecutor or an entry of a nolle prosequi *when done without the plaintiff's procurement...*" (emphasis added). 1 F. Harper and F. James, Law of Torts § 4.4, at 307-09 (1956). "Several cases state or imply that if the accused has consented to or procured the nol. pros. a cessation of the prosecution will not be such a termination of the proceedings as will enable him to bring an action for malicious prosecution." *Id.* at 308 n.5, citing *Lamprey v. H.P. Hood & Sons,* 73 N.H. 384, 62 A. 380 (1905).

In *Lamprey v. H. P. Hood & Sons* we stated that whether a court should grant a plaintiff's motion for a nonsuit based on a nol pros depends upon "whether the entry was procured by the plaintiff or was made in consequence of a compromise to which he was a party. If it was caused in either of these ways, it was not such a termination of the case as will support this action . . . ." 73 N.H. 384, 385, 62 A. 380 (1905). In *Woodman v. Prescott,* 66 N.H. 375, 376, 22 A. 456 (1890), another nol pros case, this court stated that "if he has terminated the suit by paying what was demanded (unless the payment was made under duress — *Morton v. Young,* 55 Me. 24), or by compromise, he cannot be admitted to say that the action was commenced without probable cause, and consequently cannot have an action for malicious prosecution." There was no evidence in this case that plaintiff's agreement to return the property in exchange for the nol pros was made under duress. Something more is required to establish duress than the usual desire to avoid being tried on the criminal charge.

The question of "whether the entry [of a nol pros] was procured by the plaintiff or was made in consequence of a compromise to which he was a party . . . . is a pure question

of fact." *Lamprey v. H.P. Hood & Sons,* 73 N.H. 384, 385, 62 A. 380 (1905); *see* Casenote, *Malicious Prosecution – Compromise of the Criminal Proceeding as a Bar,* 3 Vand. L. Rev. 841, 843 (1950). That there was a compromise in this case and that it was procured at least in part by the plaintiff was clearly established by the testimony of both plaintiff and his attorney in the criminal action. Plaintiff's attorney in the criminal proceeding testified as follows: "Mr. Stein [defendant's attorney] at that time said, among other things, that he wanted the goods back. He and I talked about nol prossing the criminal case on behalf of Fimbel Door Company. I, in turn, agreed Mr. Robinson would return the goods forthwith. I then discussed this with Mr. Robinson and he agreed and was going to make an effort at that time to return the goods immediately. This occurred prior to the start of Court." This was corroborated by the plaintiff who testified as follows: "I was supposed to go to Court and we agreed to bring the equipment back. Q. Who agreed? A. My attorney, myself and Mr. Pettengill [defendant's representative] — he was there and you [defendant's attorney] were there."

Where as here the facts clearly and indisputably establish that a compromise for the disposition of the criminal action was procured and voluntarily entered into by the plaintiff, he may not prevail in a malicious prosecution action. Under these circumstances the defendant's motion for a nonsuit should have been granted. *Leonard v. George,* 178 F.2d 312 (4th Cir. 1949). In view of our disposition of the case on this issue, there is no occasion to review the defendant's other claims of error.

Although the defendant prevails on the evidence in this case, we think it important to note that it is impermissible to use the criminal process to achieve solely civil ends. A private prosecutor using the criminal process solely to collect a debt, recover property, or enforce some other claim may well be liable to the accused for malicious prosecution. Annot., 139 A.L.R. 1088 (1942). In some cases, the attorney acting on behalf of the private prosecutor may be liable as well. Annot., 27 A.L.R.3d 1113 (1969). Furthermore, it is unethical for an attorney to so use the criminal

process. "A lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter." ABA Code of Professional Responsibility DR 7-105 (A) (Final Draft/July 1, 1969).

*Exception sustained; judgment for the defendant.*

All concurred.