Sullivan
No. 7389

STATE OF NEW HAMPSHIRE

v.

RICHARD D. FLEURY

September 30, 1976

578

*David H. Souter,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*Bell & Falk (Mr. Ernest L. Bell III* orally) for the defendant.

*Stanley M. Brown* and *David W. Hess (Mr. Hess* orally) for Carleton H. Tarrien, amicus curiae.

PER CURIAM. Defendant was charged with striking and biting a police officer knowing that the officer "was attempting to arrest the defendant." He was found guilty in the Newport District Court and appealed to the superior court and was tried de novo before a jury and found guilty. His exceptions were transferred by *Loughlin,* J.

Defendant contends that he was denied due process because the complaint alleged that the officer was attempting to "arrest" him whereas the trial judge instructed the jury that he could be found guilty if the officer was "either seeking to effect an arrest or was attempting to detain the defendant."

RSA 642:2 is entitled "Resisting Arrest or Detention" and reads in pertinent part that a person is guilty of a misdemeanor if he resists a police officer "seeking to effect an arrest or detention of himself or another regardless of whether there is a legal basis for the arrest." Defendant contends that there are two different crimes created (one for resisting arrest and the other for resisting detention); and that since the word "detention" was not contained in the complaint he was not given notice to be prepared to defend against that charge. We do not, however, read the statute as creating two different crimes but rather as defining the offense so as to avoid defenses based on technical distinction between arrest and

other forms of seizures of the person falling short of a full-blown arrest. *See State v. Hutton,* 108 N.H. 279, 235 A.2d 117 (1967); *Terry v. Ohio,* 392 U.S. 1 (1968).

Although RSA 642:2 was not specifically referred to in the complaint, defendant had been convicted on the same complaint in the district court and had appealed and there is no indication that he did not know under what statute he was being charged. We hold that the complaint adequately informed the defendant of the charge and that he was not prejudiced by the court's instructions.

Defendant further contends that his conviction should be set aside because a private attorney who represented the police officer in a pending civil rights action arising out of the same episode sat with the county attorney during trial and participated in the prosecution. He relies on *Robinson v. Fimbel Door Co.,* 113 N.H. 348, 306 A.2d 768 (1973), where it was said that it is not permissible to use the criminal process to achieve solely civil ends. That case however is inapposite. The case was in the control of the county attorney, who was at all times present and who conducted the prosecution. What occurred was within the discretion of the trial court *(State v. Hale,* 85 N.H. 403, 160 A. 95 (1932)), and we find no violation of any rights of the defendant.

*Exceptions overruled.*