Rockingham
No. 2004-025

MARK DEWYNGAERDT d/b/a SUPERIOR TREE SERVICE & a.

v.

BEAN INSURANCE AGENCY, INC.

Argued: July 15, 2004
Opinion Issued: September 2, 2004

*Engel & Associates, P.A.*, of Exeter (*David C. Engel* on the brief and orally), for the intervenor, Peter Engel.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Andrew D. Dunn* and *Donald L. Smith* on the brief, and *Mr. Dunn* orally), for the defendant.

DALIANIS, J. The plaintiff, Mark DeWyngaerdt d/b/a Superior Tree Service (Superior Tree), initiated this action against the defendant, Bean Insurance Agency, Inc. (Bean), asserting that Bean was negligent in failing to advise him that his insurance policy excluded coverage for "wrongful cutting." Peter Engel, whose tree was cut down, intervened and appeals the Trial Court's (*T. Nadeau,* J.) order granting Bean's motion to dismiss. We affirm.

Bean assisted Superior Tree in procuring an insurance policy. Superior Tree informed Bean that its business consisted of cutting trees and limbs on the property of third parties, and requested a policy that would provide "full coverage." Bean recommended a bodily injury and property liability insurance policy issued by Nautilus Insurance Company (Nautilus), and Superior Tree purchased the policy.

On October 2, 2000, Superior Tree wrongfully felled a tree on Engel's property. Superior Tree filed a notice of claim with Nautilus for the wrongful cutting. Nautilus denied Superior Tree's claim because the policy contained a clause excluding coverage for "wrongful cutting." Engel filed

suit against Superior Tree; in turn, Superior Tree filed suit against Bean, asserting that Bean was negligent in failing to advise Superior Tree of the exclusion in the policy.

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, we assume the truth of all facts alleged by the plaintiff and construe all reasonable inferences in the light most favorable to him. *Graves v. Estabrook*, 149 N.H. 202, 203 (2003). If the facts do not constitute a basis for legal relief, we will uphold the granting of the motion to dismiss. *Id.*

To recover for negligence, a plaintiff must demonstrate that there exists a duty, that the defendant breached that duty, and that the breach proximately caused injury to the plaintiff. *Dupont v. Aavid Thermal Technologies*, 147 N.H. 706, 709 (2002). Thus, for liability to exist in this case, Engel must first show that Bean had an affirmative duty to provide advice regarding the adequacy of Superior Tree's particular insurance coverage.

Engel argues that Bean was negligent when it recommended this insurance policy based upon Superior Tree's request for "full coverage," but failed to inform Superior Tree about the exclusion for "wrongful cutting." Engel asserts that Superior Tree's request for "full coverage" coupled with its explanation that the business "involves the cutting and removal of trees from the properties of third parties," created a duty that Bean inform Superior Tree that the insurance policy contained an exclusion for "wrongful cutting."

Bean argues that there is no basis for legal relief because, under *Sintros v. Hamon*, an insurance agent does not have an affirmative duty to inform or to advise an insured regarding the availability or sufficiency of insurance coverage unless a special relationship exists between the agent and the policyholder. *See Sintros v. Hamon*, 148 N.H. 478, 480 (2002). Additionally, Bean contends that Superior Tree's request for "full coverage" was too vague and ambiguous to impose a duty upon Bean to procure an insurance policy that included coverage for "wrongful cutting" or to advise Superior Tree that the policy did not include such coverage.

We held in *Sintros* that an insurance agent owes clients a duty of reasonable care and diligence, but absent a special relationship, that duty does not include an affirmative, continuing obligation to inform or to advise an insured regarding the availability or sufficiency of insurance coverage. *Id.* at 482. Engel argues that Bean owed Superior Tree a duty to inform it of the exclusion for "wrongful cutting." We have previously affirmed by order dated June 9, 2004, however, that the trial court properly ruled without a hearing that Superior Tree did not allege the recognized exception to the rule in *Sintros*. Because the writ of summons did not

allege a special relationship between Bean and Superior Tree, we affirmed that Bean did not owe Superior Tree any duty beyond that of reasonable care and diligence. *See id.*

In *Sintros* we recognized that because an insurance agent owes an insured a duty of reasonable care, he could be liable for negligent misrepresentations or a failure to provide agreed-upon coverage. *Id.* at 483. Engel asserts that Bean negligently failed to provide agreed-upon coverage because Superior Tree requested "full coverage" and received an inadequate policy. We disagree.

We have held that where a specific request is made for a particular type of insurance coverage, an insurance agent owes a duty to the insured to procure such coverage. *See Trefethen v. N.H. Ins. Group*, 138 N.H. 710, 715 (1994) (a specific expectation of liquor liability coverage arose from the insured's request for coverage on every saleable item in the store coupled with the agent's knowledge that alcohol was one of those items); *Tyler Advertising Co. v. Lamprey*, 107 N.H. 138, 143-44 (1966) (an insurance agent is not negligent in failing to procure a particular type of coverage where insured did not specifically request such coverage). Superior Tree's request for "full coverage," however, was too broad and too vague to constitute a *specific request* for the particular coverage of "wrongful cutting."

■ "A request for 'full coverage,' 'the best policy,' or similar expressions does not place an insurance agent under a duty to determine the insured's full insurance needs, to advise the insured about coverage, or to use his discretion and expertise to determine what coverage the insured should purchase." *Trotter v. State Farm Mut. Auto. Ins. Co.*, 377 S.E.2d 343, 347 (S.C. Ct. App. 1988); *cf. Boston Camp. Distrib. Co. v. Lumbermens Mut. Cas. Co.*, 282 N.E.2d 374, 376 (Mass. 1972) (insured's request for "insurance coverage from A to Z, second to none," did not make insurance agent liable when policy excluded a particular type of coverage); *Banes v. Martin*, 965 S.W.2d 383, 385 (Mo. Ct. App. 1998) (insurance agent had no duty to advise insured of a particular type of coverage, despite insured's request for "full coverage"). Imposing a duty to inform or to advise an insured regarding the sufficiency of insurance coverage based upon the general request for "full coverage" would violate the policy concerns we expressed in *Sintros*. *See Sintros*, 148 N.H. at 481. Any potential insured would be able to make one broad request for "full coverage" and convert agents into risk managers with guarantor status; creating a duty to advise simply based upon the general request for "full coverage" could afford insureds the opportunity to insure after the loss by merely asserting that they would have purchased the additional coverage had it been offered. *See*

*id.* Additionally, holding an insurance agent negligent for failing to advise an insured about every possible detail and exclusion in a policy whenever the general request for "full coverage" is made would remove any burden from the insured to read and to determine the adequacy of his or her own insurance coverage. *See id.* at 484.

Furthermore, although the factual circumstances surrounding the request for coverage are relevant, *see Trefethen*, 138 N.H. at 715, Bean's knowledge concerning the basic operations of Superior Tree's business is insufficient to convert the general request for "full coverage" into a specific request for particular coverage for "wrongful cutting." *See Godbout v. Lloyd's Ins. Syndicates*, 150 N.H. 103 (2003).

■ An insured must make a *specific* request for a particular type of insurance coverage in order to impose a duty upon an agent to procure that particular coverage or to inform the insured that such coverage is excluded. We decline to impose a duty on insurance agents to know all an insured's needs, to procure suitable coverage, and to inform an insured of every facet of the coverage based only upon an insured's broad, general request for "full coverage." *Cf. Trefethen*, 138 N.H. at 715. Because Superior Tree did not allege sufficient facts to demonstrate that Bean had a duty to inform or to advise Superior Tree regarding the exclusion of coverage for "wrongful cutting," the trial court properly granted Bean's motion to dismiss.

*Affirmed.*

BRODERICK, C.J., and DUGGAN, J., concurred.