Milford District Court
No. 2005-326

RIC PAUL

v.

FRANKLIN C. SHERBURNE

Argued: May 17, 2006
Opinion Issued: July 21, 2006

*Wiggin & Nourie, P.A.*, of Manchester (*Peter E. Hutchins* on the brief and orally), for the plaintiff.

*McLaughlin Law Office, P.C.*, of Laconia (*Philip T. McLaughlin* on the brief and orally), for the defendant.

GALWAY, J. The plaintiff, Ric Paul, appeals a decision of the Milford District Court (*Crocker*, J.) dismissing his small claim action for malicious prosecution against the defendant, Franklin C. Sherburne. We reverse and remand.

The undisputed facts are as follows. In early February 2002, Sherburne brought a civil stalking petition against Paul in the Rochester District Court. *See* RSA 633:3-a, III-a (Supp. 2005). The District Court (*Jones*, J.) promptly issued an *ex parte* temporary order of protection against Paul. *See id.*; RSA 173-B:4, I (2002). A final hearing on the merits was scheduled to be held on March 27, 2002. Sherburne failed to appear at the hearing and the stalking petition was dismissed.

In April 2002, Paul, appearing *pro se*, filed a small claims complaint against Sherburne in Milford District Court seeking damages for civil malicious prosecution. Sherburne, who was also appearing *pro se*, filed an answer and cross-claim as well as a motion to dismiss Paul's malicious prosecution claim. In his motion to dismiss, Sherburne asserted that Paul's claim did not satisfy two of the four required elements necessary to prevail on a civil malicious prosecution claim. In June 2002, the Milford District Court (*Ryan*, J.) denied Sherburne's motion to dismiss. Thereafter, in July 2002, Paul moved to dismiss Sherburne's cross-claim. The trial court scheduled a hearing on the merits for October 2002, and notified the parties that Paul's motion to dismiss would be heard at the time of trial.

At the October 2002 hearing, the trial court, *sua sponte*, heard arguments regarding Sherburne's motion to dismiss, which had previously been denied by Judge Ryan in June 2002. By order dated February 16, 2005, the Trial Court (*Crocker*, J.) granted Sherburne's motion to dismiss Paul's malicious prosecution claim, ruling that Sherburne's claim had not been instituted without probable cause, and that Paul had not received a "favorable termination" in the underlying proceedings. Therefore, Paul's claim failed to satisfy, as a matter of law, two of the four required elements of the tort of malicious prosecution. Specifically, the trial court ruled that the *ex parte* protective order constituted a judicial finding of probable cause for the purpose of a malicious prosecution claim because the issuance of that order required a judicial finding that Sherburne was "in immediate and present danger of abuse." The trial court also ruled that

Paul did not receive a favorable termination in the underlying proceeding because the stalking petition was dismissed on procedural grounds. The trial court reasoned that, "In order to sustain a cause of action for malicious prosecution, the determination in the underlying cause of action must be decisive, i.e. an actual acquittal after trial, dismissal of the case by the court after having heard evidence or testimony, and upon the making of certain findings of fact." Thus, because no determination had been made of the merits of the stalking petition, the court ruled that its dismissal did not constitute a favorable termination for the purposes of Paul's malicious prosecution claim.

On appeal, Paul argues that the trial court: (1) misinterpreted and misapplied two elements of the tort of malicious prosecution; and (2) erred by reconsidering and reversing its prior order denying Sherburne's motion to dismiss the malicious prosecution claim.

█ In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, we assume the truth of the facts alleged by the plaintiff and construe all reasonable inferences in the light most favorable to him. *Dewyngaerdt v. Bean Ins. Agency*, 151 N.H. 406, 407 (2004). If the facts do not constitute a basis for legal relief, we will uphold the granting of the motion to dismiss. *Id.*

█ In order to prevail on a civil malicious prosecution claim, the plaintiff must prove: (1) that he was subjected to a civil proceeding instituted by the defendant; (2) without probable cause; (3) with malice; and (4) that the proceedings terminated in the plaintiff's favor. *ERG, Inc. v. Barnes*, 137 N.H. 186, 190 (1993).

Paul first contests the trial court's ruling that the *ex parte* protective order issued in the underlying stalking petition constitutes, as a matter of law, conclusive evidence of probable cause. Paul contends that whether probable cause necessary to avoid liability for civil malicious prosecution existed is a factual question to be determined by the trier of fact following an evidentiary hearing. He argues that an evidentiary hearing is required to determine the defendant's state of mind and reasonable belief when he or she initiated the underlying civil proceeding.

█ It is well settled that in the context of a malicious prosecution claim, probable cause is defined as "such a state of facts in the mind of the prosecutor as would lead a [person] of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." *Stock v. Byers*, 120 N.H. 844, 846 (1980) (citing *Cohn v. Saidel*, 71 N.H. 558, 567 (1902)). The plaintiff is required to prove that the defendant, when he initiated the underlying suit against the plaintiff, "did

not possess such knowledge of facts as would lead a [person] of ordinary caution and prudence to believe that [he or she] had a cause of action against the plaintiff." *Cohn*, 71 N.H. at 567 (quotation omitted). The existence of probable cause, in this context, is a question for the trier of fact "to the extent that it depends upon the credibility of conflicting evidence proffered on that issue." *Stock*, 120 N.H. at 846. "Whether there was probable cause is ultimately, however, a question of law to be determined by the court." *Id.*

We have not yet considered whether an *ex parte* protective order is conclusive evidence of probable cause in the context of a subsequent civil malicious prosecution claim. Other jurisdictions have addressed this issue with respect to a preliminary injunction, which is analogous to a temporary protective order. A majority of these jurisdictions have found that the granting of a preliminary injunction is not conclusive evidence of the existence of probable cause for initiating the underlying proceedings. *See Bokum v. Elkins*, 355 P.2d 137, 141 (N.M. 1960) (*ex parte* preliminary injunction granted without notice to or a hearing of the other side, which is later dissolved, constitutes *prima facie* evidence of probable cause); *Bank of Barcelona v. Riggi Bros. Co.*, 179 N.Y.S. 391, 394 (Sup. Ct. 1919) (preliminary injunction is *prima facie*, and not conclusive, evidence of probable cause because it is a temporary and provisional order to maintain the status quo until a trial on the merits is conducted); *H.P. Rieger & Co. v. Knight*, 97 A. 358, 361 (Md. 1916) (*ex parte* preliminary injunction is not conclusive of probable cause for obtaining an injunction and whether probable cause exists depends on the facts of the particular case); Annotation, *Malicious Prosecution-Injunction*, 70 A.L.R.3D 536, 571-74 (1976). *But see South Georgia Bldg. & Inv. Co. v. Mathews*, 61 S.E. 293 (Ga. Ct. App. 1908) (judgment rendered after an *ex parte* hearing is not conclusive evidence of probable cause, unless the decision is based upon undisputed facts, or upon a statement of the case fairly and honestly made); *but cf. Dunham v. Roer*, 708 N.W.2d 552 (Minn. Ct. App. 2006) (issuance of a restraining order, "without other compelling evidence," precludes malicious prosecution claim based upon the underlying *ex parte* petition and temporary restraining order).

The underlying rationale appears to be that because the judicial ruling granting the preliminary *ex parte* injunction requires only a *prima facie* case, then it is only *prima facie* evidence of probable cause for the purposes of a subsequent malicious prosecution case. *Bokum*, 355 P.2d at 141; *Bank of Barcelona*, 179 N.Y.S. at 395. As the *Knight* court reasoned, if an *ex parte* preliminary injunction or temporary protective order is granted without notice to or hearing from the other side, and is subsequently dissolved or dismissed, "[t]here would be a temptation to

some to make their bills as strong as possible, for the purpose of saving themselves from [a subsequent malicious prosecution claim]," if the granting of a preliminary injunction constituted conclusive evidence of probable cause. *Knight*, 97 A. at 361. We find this rationale persuasive.

■ Here, the trial court granted Sherburne's *ex parte* protective order pursuant to RSA 633:3-a, III-a and RSA 173-B:4. To issue that *ex parte* order, the issuing judge was required to find that Sherburne made a "showing of an immediate and present danger of abuse." RSA 173-B:4, I. Because the *ex parte* temporary protective order was issued without notice to or hearing evidence from the other party, we cannot conclude that it constitutes conclusive evidence of probable cause. Rather, we hold that an *ex parte* protective order based only upon information provided by the petitioner constitutes *prima facie* evidence of probable cause. *See New Hampshire Ins. Co. v. Duvall*, 115 N.H. 215, 217 (1975) (*prima facie* presumption permits a finding in accordance with it, but does not require such a finding). This conclusion strikes the proper balance between supporting the judicial finding necessary to grant the *ex parte* temporary protective order and giving the party, against whom the protective order was issued, an opportunity to present evidence to refute the allegations contained in that protective order and to establish the absence of probable cause for a subsequent malicious prosecution claim.

Paul also contests the trial court's ruling that he did not receive a favorable termination in the underlying claim. He argues that the trial court's dismissal of the underlying stalking petition, based upon Sherburne's failure to appear at the March 27, 2002 final hearing on the merits, constitutes a favorable termination for the purposes of satisfying the requisite elements of his subsequent malicious prosecution claim. He contends that the trial court misinterpreted *Robinson v. Fimbel Door Co.*, 113 N.H. 348 (1973), when it ruled that: (1) a favorable determination in the underlying cause of action "must be decisive"; and (2) "[a] termination or dismissal based on technical or procedural grounds does not constitute a decisive termination." We agree.

In *Robinson*, the plaintiff was a contractor employed by the defendant. *Robinson*, 113 N.H. at 349. When the parties disputed the defendant's liability to pay the plaintiff for some "extra work" that was performed by the plaintiff, the plaintiff left the defendant's employ and refused to return some of the defendant's contracting equipment until he was paid for the extra work. *Id.* The plaintiff was subsequently arrested for embezzlement based upon an arrest warrant and complaint procured by the defendant. *Id.* Prior to a scheduled court appearance, the parties agreed that the criminal action would be *nol prossed* in exchange for the plaintiff's return

of the equipment. *Id.* The equipment was returned and the criminal action was *nol prossed. Id.* at 350. The plaintiff then brought a claim for malicious prosecution against the defendant. *Id.* We affirmed the trial court's dismissal of the malicious prosecution claim, concluding that where an underlying proceeding ends in a compromise or settlement, "voluntarily and understandingly consummated by the accused," it does not constitute a favorable termination that will support a subsequent malicious prosecution claim. *Id.*

■ However, we also specifically found that "if the complaint is dismissed either by reason of insufficient evidence or because the complaining witness fails to appear or abandons the prosecution, the proceedings have terminated in the plaintiff's favor." *Id.* at 351 (citation omitted). Here, Sherburne failed to appear for the March 27, 2002 final hearing on the merits of his stalking petition. His failure to appear was the trial court's sole grounds for dismissing the stalking petition. Therefore, as a matter of law, the matter favorably terminated in Paul's favor for purposes of his malicious prosecution claim. *See id.*

Sherburne argues that *Robinson* supports the trial court's ruling that Paul did not receive a favorable termination in the underlying claim based upon the facts and circumstances before the trial court when it made its ruling. While we recognize that there are instances in which the trial court is required to make a factual determination in order to decide whether the proceedings have been favorably terminated for the purposes of the subsequent malicious prosecution case, the instant case requires no such determination. Unlike *Robinson*, which dealt with a decision to *nol pros* the underlying claim and, therefore, required a factual determination to determine whether the plaintiff procured the *nol pros* or was a party to the compromise, *see Robinson*, 113 N.H. at 351-52, the instant case was dismissed solely because of Sherburne's failure to appear at the scheduled hearing. Moreover, in its February 16, 2005 order, the trial court recognized that Paul had a statutory right to an immediate hearing, which was scheduled for March 27, 2002. *See* RSA 173-B:3, VII. We find, therefore, that the trial court misinterpreted *Robinson* as it applies to the instant case and erred, as a matter of law, in ruling that the plaintiff's claim failed to meet the requisite showing of a favorable termination in the underlying proceeding.

For the foregoing reasons, the trial court erred, as a matter of law, in ruling that Paul's malicious prosecution claim failed to meet two of the four elements necessary to prevail on a civil malicious prosecution claim. Having determined that the trial court erred in dismissing Paul's malicious prosecution claim on substantive grounds, we need not address his

contention that the trial court also erred on procedural grounds; namely, by reconsidering and reversing its prior order denying Sherburne's motion to dismiss.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.